[No. B050644. Second Dist., Div. Seven. Nov. 20, 1991.]

CAROLINA MUNOZ et al., Plaintiffs and Appellants, v.
FLORENTINE GARDENS, Defendent and Respondent.

**COUNSEL**

Judith S. Fogel for Plaintiffs and Appellants.

Brown & DePiano and David M. Brown for Defendant and Respondent.

**OPINION**

**JOHNSON, J.—** ■ Plaintiffs purport to appeal from an order dismissing their case for failure to prosecute or as a sanction for failing to appear at the court-scheduled status conference. Such an order is not a final judgment and is not an appealable order. (Code Civ. Proc., § 581d;[1] *Rios* v. *Torvald Klaveness* (1969) 2 Cal.App.3d 1077 [83 Cal.Rptr. 150]; *Graski* v. *Clothier* (1969) 273 Cal.App.2d 605 [78 Cal.Rptr. 447].)

At the request of the justices of this court, the clerk communicated with counsel to request letter briefs on the issues of whether there was a written order signed by the trial court dismissing the action and, if not, whether this appeal should be dismissed.

In response, both parties acknowledged the minute order in this case was not an appealable judgment. Counsel also confirmed there was no final judgment in the case because there was no written order of dismissal signed by the trial court. Despite notification of the defect plaintiffs still neglected to secure the order of dismissal. Had plaintiffs done so, and had they requested this court to take judicial notice of the signed order of dismissal,

---

[1]Code of Civil Procedure section 581d provides:

"A written dismissal of an action shall be entered in the clerk's register and is effective for all purposes when so entered.

"All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and such orders when so filed shall constitute judgments and be effective for all purposes, and the clerk in superior, municipal, and justice courts shall note such judgments in his register of action in the case."

we could have taken judicial notice of the after-filed judgment and deemed the notice of appeal to be from that judgment and order and thereby acquired jurisdiction of the appeal. (Evid. Code, §§ 452, 459;[2] see, e.g., *Estate of Silver* (1982) 133 Cal.App.3d 937 [184 Cal.Rptr. 280]; *Minor* v. *Municipal Court* (1990) 219 Cal.App.3d 1541 [268 Cal.Rptr. 919].)

Instead of responding to this court's letter by obtaining and filing an order of dismissal, however, plaintiffs merely cited cases in which minute orders of dismissal were interpreted or amended to deem the order of dismissal sufficient under Code of Civil Procedure section 581d. (See, e.g., *Freedman* v. *Pacific Gas & Electric Co.* (1987) 196 Cal.App.3d 696, 703 [242 Cal.Rptr. 8]; *Bellah* v. *Greenson* (1978) 81 Cal.App.3d 614, 618 [146 Cal.Rptr. 535, 17 A.L.R.4th 1118]; see also 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 59, p. 82.) But as we announced to the bar in 1987, this we are no longer willing to do. (*Cohen* v. *Equitable Life Assurance Society* (1987) 196 Cal.App.3d 669, 671 [242 Cal.Rptr. 84].)

This appeal is dismissed because this court is without jurisdiction to entertain an appeal from a nonappealable order. (Code Civ. Proc., §§ 904, 904.1, 581d; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 38, p. 61 ["Since an appealable judgment or order is essential to appellate *jurisdiction*, the parties cannot by any form of consent make a nonappealable order appealable. The court must of its own motion dismiss an appeal from such an order."] Italics in original.)

DISPOSITION

Appeal is dismissed.

Lillie, P. J., and Woods (Fred), J., concurred.

---

[2]Evidence Code section 459 provides in pertinent part:

"(a) The reviewing court shall take judicial notice of (1) each matter properly noticed by the trial court and (2) each matter that the trial court was required to notice under Section 451 or 453. The reviewing court may take judicial notice of any matter specified in Section 452. . . ."

Evidence Code section 452 provides judicial notice may be taken of:

"(d) Records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States."