[No. F014548. Fifth Dist. Apr. 1, 1992.]

ROBERT JORDAN, Plaintiff and Appellant, v.
VAUGHN MALONE, Defendant and Respondent.

**COUNSEL**

Robert T. Mees, Jr., for Plaintiff and Appellant.

Michael W. Stelzer for Defendant and Respondent.

**OPINION**

**VARTABEDIAN, J.**—Plaintiff purports to appeal from the trial court's "decision" that "[j]udgment should enter for defendant." We conclude that the record before us fails to establish that plaintiff has appealed from a final judgment or appealable order.

Plaintiff's complaint alleged breach of a written guarantee agreement. Under the claimed agreement, defendant, a shareholder of a corporation in bankruptcy, agreed to pay a sum to plaintiff, a creditor of the corporation, in consideration of plaintiff's withdrawal of objections in the pending bankruptcy action.

The case proceeded to court trial. After taking the matter under submission, the court issued a written decision in favor of defendant, stating in substantial part:

"An agreement, as here, by a shareholder of a debtor corporation to pay money to a creditor of the corporation in consideration of the creditor's withdrawal of objection to debtor's pending motions in a Chapter XI reorganization proceeding violates public policy and is unenforceable. [Citations.]

"The fact that there existed an antecedent obligation of defendant to plaintiff does not affect the result if the withdrawal of the opposition to the debtor's motion was any part of the consideration for the agreement. . . .

"It is not significant that the agreement was not between the debtor corporation and the creditor. The defendant was the sole shareholder of the debtor corporation and there was an identity of interest. . . .

". . . . . . . . . . . . . . . . . . . . . . . . .

"Judgment should enter for defendant that plaintiff take nothing and for defendant's costs of suit. Defendant will prepare, serve and submit a form of judgment."

On June 13, 1990, plaintiff filed a notice of motion for new trial. That motion was denied on July 6, 1990, and an order denying the motion was filed on the same day. Plaintiff filed his notice of appeal on September 4, 1990.

## DISCUSSION

■ In plaintiff's opening brief, in a section entitled "Statement of Appealability," plaintiff acknowledges that the court's decision filed May 24, 1990, provided that judgment should enter for defendant and that defendant was directed by the court to prepare the judgment. Plaintiff continues:

"Following denial of Appellant's motion for a new trial, Appellant filed a Notice of Appeal for the within matter. [Citation]. No formal judgment was entered prior thereto.

"Rule 2(c) provides that 'a notice of appeal filed prior to the entry of judgment, but after its rendition, shall be valid and shall be deemed to have been filed immediately after entry.' The 'Decision' filed May 24, 1990, thus represents the final judgment appealed from pursuant to C.C.P. § 904.1(a)."

The principal fallacy in plaintiff's threshold claim—that he is appealing from a judgment that should be deemed final because he filed his notice of appeal after rendition yet before entry of judgment—is the absence of even a rendition of judgment. Contrary to defendant's reliance upon the "decision" as the "final judgment," the court made it clear that the judgment was yet to be prepared and approved. The court's statement was the *tentative decision* contemplated in California Rules of Court, rule 232(a). That rule provides in part that, on the trial of an issue of fact by the court, "the court shall announce its tentative decision by an oral statement, entered in the minutes, or by a written statement filed with the clerk." That section further provides, "The tentative decision shall not constitute a judgment and shall not be binding on the court."

Even though defendant was the party directed to prepare, serve and submit the judgment, the apparent failure of defendant to do so does not relieve plaintiff from the requirement of appealing from an appealable order. We also note that it would have been helpful for the court to have specifically denominated its decision as a "tentative decision" or to have made reference to rule 232(a), and to have put some specific timeframe on the preparation of the proposed judgment to facilitate follow-up.[1] Nonetheless, the ultimate responsibility rests with the appealing party; plaintiff could have requested the trial court to compel defendant to prepare the judgment or requested permission to prepare and file the judgment himself to perfect his appeal rights.

■ "In California the right to appeal in civil actions is wholly statutory. [Citation.] In order to exercise that right an appellant must have standing to appeal, and must take an appeal from a statutorily declared appealable judgment or order." (*Rao* v. *Campo* (1991) 233 Cal.App.3d 1557, 1564 [285 Cal.Rptr. 691].)

Code of Civil Procedure section 904.1 provides that a party is entitled to one appeal from the final judgment in an action. There are numerous exceptions to this rule in probate cases, in marital dissolution cases, and in cases where there is a final determination of a collateral matter that may be appealed while the main action is still pending. (See *United Pacific Ins. Co.* v. *Hanover Ins. Co.* (1990) 217 Cal.App.3d 925, 941 [266 Cal.Rptr. 231].) This was not such a case. ■ Here, one judgment was to be entered that would resolve all the disputes between these parties in this action. Thus this record does not contain a judgment from which an appeal can be taken.

---

[1] See California Rules of Court, rule 232(e) regarding preparation and filing of written judgment when statement of decision is not requested.

The trend of recent cases of the Courts of Appeal is to hold appellate counsel to strict account for ensuring that their appeal rights are perfected according to the applicable statutes and rules of court.[2]

In *Modica* v. *Merin* (1991) 234 Cal.App.3d 1072, 1074 [285 Cal.Rptr. 673], the appellate court commented:

"It is not that we are insensitive to the plight of plaintiff's counsel but it is a plight not of our making. Nor is the problem here one that occurs only infrequently. Despite persistent efforts by the appellate courts to educate the bar, attempts to appeal from nonappealable orders of this nature continue unabated in substantial numbers. . . . This court indulged [the fiction that a nonappealable order incorporates a judgment of dismissal] in a number of cases . . . in the hope that focusing attention on the problem in this way would effect a painless solution. Alas, this practice had the unintended and lamentable consequence that counsel came increasingly to rely upon the court's indulgence rather than to take the procedural steps necessary to perfect an appeal."

The *Modica* court concluded:

"We have long since determined the proper role of an appellate court is to adhere to and apply Code of Civil Procedure section 904.1, not to devise and employ strategies for its wholesale avoidance. As a practical matter, experience teaches that far from solving the problem, the latter approach only exacerbates it." (*Modica* v. *Merin, supra,* 234 Cal.App.3d at p. 1075.)

As happened in *Modica,* the Court of Appeal in *Munoz* v. *Florentine Gardens* (1991) 235 Cal.App.3d 1730 [1 Cal.Rptr.2d 609], another case where an appeal from a nonappealable order was dismissed, gave the parties notice of the court's intent to dismiss because of the perceived shortcomings of the appellate record. In *Munoz,* the court noted, "At the request of the justices of this court, the clerk communicated with counsel to request letter briefs on the issues of whether there was a written order signed by the trial court dismissing the action and, if not, whether this appeal should be dismissed." (*Munoz* v. *Florentine Gardens, supra,* 235 Cal.App.3d at p. 1731.)

In the instant case, plaintiff has knowledge of the defect in the record so we need not direct him to this defect prior to dismissal of this appeal.

---

[2] *Francis* v. *Dun & Bradstreet, Inc.* (1992) 3 Cal.App.4th 535 [4 Cal.Rptr. 2d 361] is an exception to this trend, and we choose not to follow that case insofar as it generally justifies allowing an appeal from a nonappealable order.

Plaintiff candidly admits that no "formal judgment" was entered prior to the filing of his notice of appeal; he essentially claims that the court's tentative decision should be construed as a final judgment. We reject this threshold argument.

## DISPOSITION

The appeal is dismissed. Defendant is awarded his costs on appeal.

Best, P. J., and Buckley, J., concurred.