Filed 4/17/14  Gunnuscio v. Kainth CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TAMMIA GUNNUSCIO,<br><br>      Plaintiff and Respondent,<br><br>              v.<br><br>EDWIN KAINTH,<br><br>      Defendant and Appellant. | F065448<br><br>(Super. Ct. No. CV002361)<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Donald J. Proietti, Judge.

Calfed Law Corporation and J. M. Irigoyen for Defendant and Appellant.

Brenda J. Pannell for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant Edwin Kainth, also known as Edwin K. Anthony, maintains the trial court erred in disregarding his subjective beliefs about the existence of an attorney-client

_____

*Before Cornell, Acting P.J., Gomes, J. and Peña, J.

relationship in its consideration of his motion to disqualify Brenda J. Pannell, counsel for respondent Tammia Gunnuscio. Appellant also contends the trial court erred by not considering disqualification because Pannell breached a duty of fidelity owed to him, an expectation she created by her conduct. Finally, he argues the trial court erred by disregarding evidence of confidential business information received by Pannell from him. We will affirm.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Respondent filed suit alleging sexual discrimination at her place of employment, the Courtyard By Marriott Merced. Attorney Pannell represented respondent in the action filed in the Merced Superior Court. Thereafter, appellant, Max's Partnership, Kasturi Lal, and Courtyard Marriott Merced, Inc., as defendants and cross-complainants, moved to disqualify attorney Pannell in the action on the basis she had previously rendered legal services to them and had gained access to confidential information in that capacity. Respondent opposed the motion. Numerous declarations were submitted both in support of and in opposition to the motion.

On July 12, 2012, the motion was heard by the trial court. Both parties presented argument. At the conclusion of the hearing, the trial court denied the motion.

On July 23, 2012, appellant filed a notice of appeal.

## PRELIMINARY MATTERS

### A. Failure to Comply with the Rules of Court

Before addressing the merits of appellant's arguments, we note appellant has failed to comply with the requirements of rule 8.204 of the California Rules of Court. More specifically, rule 8.204(a)(2)(C) requires appellants to "[p]rovide a summary of the significant facts limited to matters in the record." Appellant's statement of facts fails to provide a full and fair description of the proceedings below,[1] as he has omitted any

---

[1]The leading California appellate practice guide instructs as follows: "Before addressing the legal issues, your brief should accurately and fairly state the critical facts (including the

2.

reference to respondent's opposition to his motion. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [all material evidence should be set forth, not merely one's own evidence]; accord, *In re Marriage of Fink* (1979) 25 Cal.3d 877, 887.) Appellate counsel is advised to avoid this practice in the future.

We note also that on July 10, 2013, this court granted respondent's motion to augment the record to include her opposition to the motion to disqualify counsel, the notice of errata in support of the opposition, and the supplemental declaration of Pannell. Hence, we are confident the record now consists of the significant facts necessary to accord proper appellate review.

### B.    Standing to Appeal

Respondent argues in her brief that appellant lacks standing to bring this appeal because he did not introduce evidence that Pannell was his personal attorney and failed to establish that Pannell was the attorney for Courtyard By Marriott Merced. Hence, the reasoning goes, because Courtyard By Marriott Merced is not a party to the appeal, appellant has no personal standing to appeal a ruling that affected only the business entity.

In California, the right to appeal civil actions is statutory. (*Jordan v. Malone* (1992) 5 Cal.App.4th 18, 21.) In order to exercise that statutory right, an appellant must have standing. (*Ibid.*)

Appellate standing is conferred by section 902 of the Code of Civil Procedure. (*Rao v. Campo* (1991) 233 Cal.App.3d 1557, 1564.) That statute provides, in relevant part, that "[a]ny party aggrieved may appeal …." (Code Civ. Proc., § 902.) By its plain

---

evidence), free of bias; and likewise as to the applicable law. [Citation.] [¶] Misstatements, misrepresentations and/or material omissions of the relevant facts or law can instantly 'undo' an otherwise effective brief, waiving issues and arguments; it will certainly cast doubt on your credibility, may draw sanctions [citation], and may well cause you to lose the case!" (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶ 9:27, p. 9–8, italics omitted.)

language, section 902 limits appellate standing in two important ways. To have appellate standing, one must (1) be a party and (2) be aggrieved. (*Ibid.*; see also *Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67.)

The issue of whether a party has standing to appeal is a question of law. (*IBM Personal Pension Plan v. City and County of San Francisco* (2005) 131 Cal.App.4th 1291, 1299.) Standing to appeal is jurisdictional and cannot be waived. (*Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295.) Thus, if a party lacks standing to appeal, this court has no jurisdiction to consider the appeal, and it must be dismissed.

Here, appellant was a party to the proceedings below. As a general matter, only parties of record in the trial court have standing to appeal. (See *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736.) And, as acknowledged by respondent, all defendants moved to disqualify attorney Pannell. "One is considered 'aggrieved' whose rights or interests are injuriously affected by the judgment" or order. (*Id.* at p. 737; cf. *In re K.C.* (2011) 52 Cal.4th 231, 236 ["An aggrieved person … is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision"].) The trial court's denial of the motion can be said to affect appellant's rights or interests in a manner that is neither nominal nor remote.

In sum, appellant was a party to the proceedings below and we find him to be aggrieved in the sense the trial court's order denying the motion affected his interests, either personally or as a partner in Max's Partnership, the franchisee of the Courtyard By Marriott Merced. Thus, we hold appellant has standing to appeal the denial of the motion for disqualification.

### C. Request for Judicial Notice

On July 9, 2013, appellant filed a "Motion For Judicial Notice Request" with this court, asking us to take judicial notice of a complaint filed in Merced Superior Court case No. CV002644, on May 2, 2012, entitled *Minor v. Kainth et al.* He also asks us to take

4.

judicial notice of points and authorities filed in opposition to a motion to dismiss filed in the United States District Court for the Eastern District of California, Fresno Division, in case No. 1:13-cv-00255 AWI BAM on May 27, 2013, in the subsequently removed action of the same name.[2]  On July 25, 2013, respondent filed her opposition thereto.  On July 29, 2013, we issued an order deferring our ruling pending the outcome of the instant appeal.

Even if we assume that, without deciding, it is appropriate for us to take judicial notice of the aforementioned documents, the documents do not prove what appellant asserts they do.

Appellant contends the complaint and the points and authorities refer to a confidential franchise agreement between a partnership he is affiliated with—Max's Partnership—and Marriott International.  Appellant "suggests that Ms. Pannell indeed received such confidential information during her relationship with Appellant which may necessitate a remand for [an] evidentiary hearing" because it goes to her credibility, a basis for the trial court's denial of his motion for disqualification.  But appellant's assumption that the franchise agreement was confidential in nature, and thus could only have been discovered by attorney Pannell by nefarious means, is just that:  an assumption.  In fact, respondent's opposition provides evidence defeating his assumption. In her opposition of July 25, 2013, respondent explained Pannell learned of the franchise agreement when Marriott International responded to a demand letter predating the filing of the complaint in the state court and the points and authorities in the federal court. Further, as exhibits to attorney Pannell's declaration in opposition to appellant's request,

---

[2]Appellant's request cites to Evidence Code section 459 and rule 8.809 of the California Rules of Court.  The former provides this court "may take judicial notice of any matter specified" in Evidence Code section 452, to wit:  "Records of (1) any court of this state or (2) any court of record of the United States …."  (*Id.*, subd. (d).)  An appellate court may deny judicial notice of materials falling within Evidence Code section 452 if the materials are irrelevant.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1089, fn. 4.)

respondent provided copies of both the demand letter directed to Marriott International, and its response referencing "a franchise agreement with Max's Partnership ...."

As a result, we deny appellant's request to take judicial notice of the documents identified in his request.

### D.     The Applicable Standard of Review

Appellant maintains the standard of review of the issues presently before the court is de novo, "[b]ecause the trial court did not resolve disputed factual issues." Respondent, on the other hand, contends the trial court resolved contested issues of fact and, thus, the proper standard of review is abuse of discretion. Respondent is correct.

> "Generally, a trial court's decision on a disqualification motion is reviewed for abuse of discretion. [Citations.] If the trial court resolved disputed factual issues, the reviewing court should not substitute its judgment for the trial court's express or implied findings supported by substantial evidence. [Citations.] When substantial evidence supports the trial court's factual findings, the appellate court reviews the conclusions based on those findings for abuse of discretion. [Citation.] However, the trial court's discretion is limited by the applicable legal principles. [Citation.] Thus, where there are no material disputed factual issues, the appellate court reviews the trial court's determination as a question of law. [Citation.] In any event, a disqualification motion involves concerns that justify careful review of the trial court's exercise of discretion. [Citation.]" (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems*, *Inc.* (1999) 20 Cal.4th 1135, 1143-1144.)

It is plain from the record before this court that the trial court resolved disputed factual issues. In order to determine whether an attorney-client relationship existed in consideration of appellant's motion to disqualify Pannell, the trial court weighed appellant's affidavits and declarations in support of the motion against those presented by respondent in opposition to the motion, where the two were clearly at odds with one

6.

another in nearly every respect.[3]  Clearly, the court's determination required resolution of those disputed factual issues prior to any application of the law.

With the proper standard of review in mind, we turn to consideration of appellant's contentions on appeal.

## DISCUSSION

### 1.        The Trial Court's Tentative and Final Rulings

Appellant's motion was heard July 12, 2012.  Prior to considering argument by counsel, the trial court stated the following:

> "All right.  This morning we have on calendar three motions that were filed by the defense.  One we continued over from a previous hearing, which the Court had announced a tentative ruling, and that's the motion to disqualify Ms. Pannell as the attorney of record for the plaintiff.  And I have, since the last hearing, received additional declarations from the defense, from employees of the Courtyard Merced.  I also received supplemental points and authorities and argument from the defense.  Most recently I've received an amended notice of Request for Judicial Notice from the plaintiff, as well as a further declaration from Ms. Pannell responding to additional items that were raised by the defendant, Edwin Kainth.  And I've read all and each and every one of the declarations.  I've read the points and authorities and reviewed my initial ruling.

> "The Court's initial ruling—and it remains the same tentative— based upon everything that I've read, I am not convinced that the defense has established that there is a—or was an attorney-client relationship.  To support that, you did provide the Court with some proof of occupancy or residency at the Courtyard Merced with a discounted or arguably comp rate apparently to suggest that there was some form of consideration paid for advice received.  The Court is not convinced that that establishes the attorney-client relationship.

> "I also find that the subjective belief of Mr. Kainth does not, in itself, create the attorney-client relationship.

---

[3]At the hearing on the motion, counsel for appellant observed that Pannell "denied almost all the factual basis of the motion."  The trial court later noted that "everything is factually disputed."

7.

"Even if there was substantial evidence to establish the attorney-client relationship, I further find that Ms. Pannell, based upon the accusations and allegations, did not receive any communication that would be considered confidential related to this case."

Thereafter, counsel for appellant and counsel for respondent argued their respective positions to the court. The court then found as follows:

"… What I have to resolve today is do I believe that there's been sufficient evidence presented by declaration, by representations of counsel to establish an attorney-client relationship between Ms. Pannell and Mr. Kainth, and I previously indicated that I do not believe that the subjective belief, according to the *Fox* [*v. Pollack* (1986) 181 Cal.App.3d 954] case, is sufficient for one side to believe there's a relationship, and the other says there is not.

"I certainly can understand the disappointment, and perhaps even the surprise of a—particularly in a small town where we have limited hospitality, hotels, motels, and people know one another maybe on a more personal basis than when you might be in a large city, when all of a sudden you find somebody who you were friendly with, certainly not adversarial with or on opposite sides of the litigation. I can understand the surprise and perhaps even the concern.

"That doesn't create a situation, however, for legal disqualification. Even under the Ethical Rules of Conduct, the 5-210 that you cite in your brief, is a personal relationship, ethical obligation between attorney and client. That does not give a third party such as Mr. Kainth the right to make a motion to disqualify under those grounds.

"I don't find that he has any special rights to intervene into that relationship and demand disqualification. If, in fact, he had proved to my satisfaction that there was an attorney-client relationship that existed, more indicia than, You stayed at my hotel, more indicia than, You gave me your business card, more indicia than, You marketed yourself to me and you wanted me to be your client. That's what I interpreted happened here, I needed more.

"There's no retainer agreement. There's no billing relationship. There's no interoffice relationship between attorney-client. There's no work that's been performed. There's no letters being written on behalf of the parties. And it is more a—I believe, a feeling of disappointment that somebody that Mr. Kainth knew and thought about, perhaps, retaining in

8.

the future is now his—bringing a lawsuit on behalf of one of his former employees or current employees.

"So I don't find that there is sufficient evidence to support the motion to disqualify, and that is the Court's ruling. I will adopt the tentative.

"And, further, I will make findings that I do not find that there has been sufficient information presented or evidence presented to conclude that Ms. Pannell has received confidential information that would provide an advantage to her in this litigation."

## 2. Appellant's Subjective Belief in an Attorney-Client Relationship

Appellant contends the trial court erred in disregarding his subjective belief in the existence of an attorney-client relationship, claiming the court found it "functionally irrelevant, without considering it in relation to all the pertinent circumstances." He also complains the trial court erred because it did not find his belief to be "clearly unreasonable."

"'Before an attorney may be disqualified from representing a party in litigation because his representation of that party is adverse to the interest of a current or former client, it must first be established that the party seeking the attorney's disqualification was or is "represented" by the attorney in a manner giving rise to an attorney-client relationship. [Citations.]'" (*Koo v. Rubio's Restaurant*, *Inc.* (2003) 109 Cal.App.4th 719, 729.) "The burden is on the party seeking disqualification to establish the attorney-client relationship. [Citation.]" (*Ibid*.)

"The question of whether an attorney-client relationship exists is one of law. [Citations.] However, when the evidence is conflicting, the factual basis for the determination must be determined before the legal question is addressed. [Citation.]" (*Responsible Citizens v. Superior Court* (1993) 16 Cal.App.4th 1717, 1733.) The trial court's findings, or presumed findings, of the underlying factual issues will be upheld if supported by substantial evidence. (*Id*. at p. 1734.)

9.

An attorney-client relationship is created "by some form of contract, express or implied, formal or informal." (*Fox v. Pollack*, *supra*, 181 Cal.App.3d at p. 959.) "'The distinction between *express* and *implied in fact* contracts relates only to the *manifestation of assent*; both types are based upon the expressed or apparent intention of the parties.' [Citation.]" (*Responsible Citizens v. Superior Court*, *supra*, 16 Cal.App.4th at pp. 1732-1733.) A person's subjective belief that an attorney-client relationship exists—his "thought" that the attorney was representing him—is insufficient. (*Zenith Ins. Co. v. O'Connor* (2007) 148 Cal.App.4th 998, 1010; *Fox v. Pollack*, *supra*, at p. 959.) "This is because a [person] cannot unilaterally establish an attorney-client relationship, and [his] hindsight 'beliefs' that such a relationship existed are thus legally irrelevant. [Citation.] Instead, it is the intent and conduct of the parties that control the question as to whether an attorney-client relationship has been created. [Citation.]" (*Zenith Ins. Co. v. O'Connor*, *supra*, at p. 1010.) "In determining the existence of an attorney-client relationship, we should ask whether the 'totality of the circumstances' so indicate. [Citation.]" (*Koo v. Rubio's Restaurants, Inc.*, *supra*, 109 Cal.App.4th at p. 732; see *Responsible Citizens v. Superior Court*, *supra*, at p. 1733.)

Here, the trial court found the declarations filed by and on behalf of appellant were insufficient to show the existence of an attorney-client relationship between him and Pannell. While appellant declared he understood Pannell to be acting as an attorney for him and his related businesses, his declaration is critically lacking in that regard. He fails to declare that a contract for legal services existed between him and Pannell. He does not declare he entered into a written retainer agreement with her, or even that an oral contract of some sort was formed. Appellant does not declare he was ever billed by or made payments to Pannell, nor does he declare he received any correspondence from Pannell in her capacity as a lawyer prior to his having been named in the underlying action. Appellant's supplemental declaration fails to correct any of these deficiencies.

In contrast, Pannell's declaration expressly provides, in pertinent part, that: (1) she never offered, nor was she ever retained, to represent appellant or any other named defendant; (2) it is her custom and habit to prepare a retainer agreement for every client she has ever represented, and she did not prepare a retainer agreement for appellant or any other named defendant; and (3) she never had a discussion with appellant wherein she assured him he could discuss anything with her because she is an attorney.

Further, appellant's declaration lacks the requisite evidentiary facts to support his assertions regarding the existence of an implied-in-fact attorney-client contract between him and Pannell. He makes a number of assertions: (1) Pannell gave him advice regarding remodeling and business stability; (2) he permitted her to use his private office and computer such that she had access to financial records; and (3) Pannell prepared a comprehensive business analysis that required her review of "all [his] financial information." Pannell's declaration is in direct conflict. She declared she neither attempted nor had a desire to view appellant's or any other named defendant's financial information, she did not prepare a comprehensive business analysis report for appellant or for any other named defendant, and she did not render an opinion or attempt to recommend renovation advice to appellant. Appellant's supplemental declaration fares no better. For example, he claims to have paid Pannell for "having volunteered helpful general advice almost every time" they met by reducing her room rate from $129 per night to $89 per night. However, Pannell's declaration explains the rate reduction she received while a guest at appellant's hotel was the result of her and her fiancé approaching the general manager and seeking such a reduction because she was a frequent guest. In another example, appellant claims throughout his supplemental declaration that Pannell was interested in him romantically and, apparently, used her feminine wiles to convince him she was acting as his attorney. At the hearing on the motion, Pannell specifically addressed those assertions, stating they were "preposterous,"

11.

"absurd," and "insulting."  She considered these comments and appellant's accusations to be harassment, meant to intimidate her and her client.

Appellant's bald assertion that the trial court failed to consider "all the pertinent circumstances" is belied by the record.  At the commencement of the hearing on the motion, the court explicitly stated it had considered all of the documents and exhibits submitted in support of and in opposition to appellant's motion.  Further, it is clear from the questions posed during argument on the motion that the court considered all of the evidence presented by both parties in making its determination.  The court did not ignore appellant's subjective belief.  It considered it, but ultimately found that belief—in the absence of additional credible evidence—was insufficient to establish an attorney-client relationship between appellant and Pannell.  Appellant cannot unilaterally establish an attorney-client relationship.

In conclusion, the trial court did not abuse its discretion in determining there was no attorney-client relationship or implied-in-fact attorney-client contract between appellant and Pannell.  Its factual findings, or presumed findings, regarding the underlying factual issues are supported by substantial evidence and thus will not be disturbed.

### 3.     Consideration of the Breach of the Duty of Fidelity

Next, appellant maintains the trial court committed error by failing to consider Pannell's disqualification based upon her breach of the duty of fidelity, citing 16 facts or factors that the trial court "disregarded" or ignored.

Appellant's argument consists of a single case for the foregoing proposition, it references arguments made below by way of his pleadings, provides a list of facts or evidence the trial court purportedly disregarded, then concludes by asserting the trial court's order must be reversed.  The argument is utterly lacking in legal analysis.  Rule 8.204 of the California Rules of Court requires more than a single citation to legal authority in the absence of legal analysis.  (*Taylor v. Nabors Drilling USA*, *LP* (2014)

12.

222 Cal.App.4th 1228, 1248 ["The argument must include legal analysis"]; *Bullock v. Philip Morris USA*, *Inc.* (2008) 159 Cal.App.4th 655, 685 ["appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority"]; *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368 ["One cannot simply say the [trial] court erred, and leave it up to the appellate court to figure out why"]; *Dills v. Redwoods Associates*, *Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [court may disregard conclusory arguments not supported by pertinent legal authority or that fail to disclose reasoning by which the appellant reached conclusions he or she seeks court to adopt].) "'When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]' [Citation.]" (*Taylor v. Nabors Drilling USA*, *LP*, *supra*, at p. 1248.)

In any event, even absent this procedural forfeiture, appellant's argument fails on the merits.

Appellant cites to *William H. Raley Co. v. Superior Court* (1983) 149 Cal.App.3d 1042, 1046-1047. In that case, a dispute arose between Rupert Carroll and William H. Raley Co., Inc., (Raley) concerning a lease. Carroll retained the law firm of Gray, Cary, Ames & Frye (Gray Cary) to file suit against Raley for breaches of the lease agreement. Raley moved to disqualify Gray Cary as Carroll's counsel, claiming that a Gray Cary partner, Karl ZoBell, served as a director of the La Jolla Bank & Trust Company and a member of its investment committee. La Jolla Bank & Trust Company was the trustee of a trust owned by Raley and a bank with which Raley had a lending relationship. (*Id.* at pp. 1044-1047.) ZoBell, in his capacity as a director and committee member, had "ongoing accessibility to confidential information about Raley which may be pertinent" to Carroll's lawsuit. (*Id.* at p. 1048.) The court concluded a conflict of interest existed between Gray Cary's representation of Carroll and ZoBell's relationship with La Jolla Bank & Trust Company. (*Id.* at pp. 1046-1048.) It further found that given the near

13.

impossibility of isolating the attorney/director from confidential information, as well as the attorney's continuing obligations within both the bank and the law firm, disqualification of the law firm from representing interests adverse to Raley was required. (*Id*. at pp. 1049-1050.)

Appellant contends "a disqualifying conflict of interest may arise in a nonclient case 'where an attorney's relationship with a person or entity creates an expectation that the attorney owes a duty of fidelity,'" and that here, Pannell gained access to his private business records and was provided "confidential and privileged" information creating such an expectation. To the degree appellant contends the trial court disregarded or ignored evidence, we have already found to the contrary. (See pt. 1, *ante*.) The trial court was entitled to, and did, credit Pannell's declaration that she did not have access to appellant's business or financial records and that she never viewed any records of the sort. Appellant fails to address this contrary evidence in any way.

Further, the evidence offered by appellant in support of his motion to disqualify Pannell was unlike the evidence offered in *William H. Raley Co. v. Superior Court*. There, it was plain ZoBell had "ongoing accessibility to confidential information" as a result of his positions as a director and committee member at La Jolla Bank & Trust Company. (*William H. Raley Co. v. Superior Court*, *supra*, 149 Cal.App.3d at p. 1048.) Here, there is only appellant's declaration that Pannell owes him a duty of fidelity because she had access to his private business records. Unlike *Raley*, in this case there is evidence directly contradicting appellant's position. That evidence comes in the form of Pannell's declaration to the contrary; a position that is further supported by the declaration of respondent Tammia Gunnuscio, as well as an exhibit to Pannell's declaration. More particularly, exhibit B to Pannell's declaration comprises portions of transcripts from the depositions of appellant and his business partner and brother Kasturi Lal that were taken in an unrelated federal court action. In their depositions, both appellant and Lal testify that the business and financial records for their businesses are

maintained only at their personal residences, rather than on business property. Therefore, even if appellant's declaration and those other declarations offered for the same reason were credited for the proposition that attorney Pannell had used appellant's personal office at the Courtyard By Marriott Merced, there was evidence no business records would have been available to Pannell.

Essentially, appellant's argument is "little more than an invitation to reweigh the evidence." (*In re Marriage of Ananeh-Firempong* (1990) 219 Cal.App.3d 272, 278.) In his reply brief, appellant does the same: his argument asks the court to reweigh the evidence presented to the trial court. We will not do so. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems*, *Inc.*, *supra*, 20 Cal.4th at p. 1143; *Dino v. Pelayo* (2006) 145 Cal.App.4th 347, 351 ["Nor will the appellate court substitute its factual findings for the trial court's express or implied findings so long as they are supported by substantial evidence"].)

Hence, the trial court did not abuse its discretion in finding that attorney Pannell did not breach a duty of fidelity owed to appellant.

## 4. Alleged Disregard of the Disclosure of Confidential Information

Appellant's final, entire argument is as follows:

"To deny disqualification in this case the trial court was required to find insufficient evidence that Pannell had 'received confidential information in the course of [her relationship with Kainth] which [would] be, or [would] appear to [KAINTH] to be, useful in [this litigation]' (*Raley*, 149 Cal.App.3d at 1047) (emphasis). Instead, it only found insufficient evidence that 'Pannell [] received confidential information that would provide an advantage to her in this litigation' (RT, 30:26 - 31:4), irrespective of what it appeared to Kainth. It accordingly erred."

The portion of the *Raley* opinion to which appellant refers provides that a conflict of interest between an attorney and a nonclient may arise "'where the attorney has acquired confidential information in the course of such a relationship which will be, or may appear to the person or entity to be, useful in the attorney's representation in an

15.

action on behalf of a client.'" (*William H. Raley Co. v. Superior Court*, *supra*, 149 Cal.App.3d at p. 1047.)

Appellant's assertion the trial court's finding is lacking because it did not expressly state or reference his belief that the confidential information acquired would be useful in the action is not well taken. It is clear on this record the trial court considered appellant's belief that Pannell was his attorney, as well as his belief that Pannell possessed confidential information. But even in light of those beliefs, it determined the evidence was not sufficient to support a finding that Pannell received confidential information useful to the litigation. Unlike the facts in *William H. Raley Co. v. Superior Court*, where it was plain the attorney received confidential information, here, there are no such facts. Pannell declared she never had access to, nor did she ever receive, any financial or otherwise confidential business information pertaining to appellant or to any other named defendant. Pannell's declaration was supported by Gunnuscio's declaration and is further corroborated by exhibit B to her declaration.

The trial court did not abuse its discretion in finding there was insufficient evidence to conclude attorney Pannell received confidential information that would provide an advantage in the litigation between respondent and appellant.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondent.

16.