Filed 2/16/22  Mendones v. Washington Hospital Healthcare System CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| MARIDOL C. MENDONES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>WASHINGTON HOSPITAL HEALTHCARE SYSTEM,<br><br>    Defendant and Respondent. | A162989<br><br>(Alameda County<br> Super. Ct. No. HG19013225) |

By her July 2, 2021 notice of appeal, plaintiff and appellant Maridol C. Mendones (Mendones) seeks to appeal from: (1) a February 1, 2021 "judgment of dismissal" entered after an October 21, 2020 order sustaining a demurrer; and (2) a June 10, 2021 "order or judgment." The record on appeal contains three orders matching the dates mentioned in the notice: (1) a signed October 21, 2020 order sustaining a demurrer to the second amended complaint without and with leave to amend; (2) an unsigned February 1, 2021 order dismissing the action without prejudice; and (3) a signed June 10, 2021 order denying Mendones' motion for reconsideration of the earlier two orders.  As we

1

now explain, the appeal in this case must be dismissed as we lack jurisdiction to review the orders.

## BACKGROUND

In April 2019, Mendones filed a complaint against defendant Washington Hospital Healthcare System (WHHS), seeking monetary damages and other relief following the termination of her employment as a registered nurse on May 16, 2018. After two demurrers, the trial court granted leave to file a second amended complaint (SAC). In July 2020, Mendones filed her SAC for monetary damages based on six causes of action: (1) "breach of contract"; (2) "wrongful termination"; (3) "retaliation"; (4) "discrimination"; (5) "professional negligence"; and (6) "defamation." WHHS again filed a demurrer.

On October 21, 2020, the trial court issued a signed order sustaining the demurrer to the SAC (a) without leave to amend the causes of action for breach of contract, wrongful termination, retaliation, and discrimination; (b) with leave to amend the cause of action for professional negligence; and (c) with leave to amend the cause of action for defamation, except that the demurrer was sustained without leave to amend as to an allegation that WHHS purportedly made defamatory comments to the Board of Registered Nursing. The court ordered Mendones to file a third amended complaint (TAC) including only the fifth (professional negligence) and sixth (defamation) causes of action "within 10 court days of the publication of this order." The court clerk mailed this order to the parties on November 13, 2020.

When Mendones failed to timely file a TAC, WHHS moved ex parte to dismiss the action; in response, Mendones filed her TAC. On

2

January 8, 2021, [1] the court denied WHHS's ex parte motion to dismiss without prejudice and noted the "matter" would be resolved at a scheduled case management conference set for February 1. Following that conference, the court dismissed the case without prejudice and without further comment. The February 1 order of dismissal was not signed by the trial judge. On March 25, WHHS served Mendones with notice of entry of the February 1 order of dismissal.

On April 6, Mendones filed a single-page document titled "Notice on Motion for Reconsideration; Motion to Set Aside Judgment and Motion to Stay." The body of the document contained only the following statement: "PLEASE TAKE NOTICE THAT on May 27, 2021 at Superior Court of California, County of Alameda, as the matter may be heard in Department 22 of the above-entitled Court via virtual conference video and conference call."

A month later, on May 4, Mendones filed a multipage document titled "Motion for Reconsideration re: To Revoke Order Sustaining Demurrer, or Alternatively, to Modify the Order With Leave to Amend [CCP 1008 (a)] And Accept Third Amended Complaint: Memorandum of Points and Authorities." After a May 27 hearing, the court issued a signed June 10 order denying the motion for "reconsideration" as untimely and without merit. The court clerk mailed the June 10 order to the parties on June 23. Mendones filed her notice of appeal on July 2.

---

[1] Unless otherwise noted, all future dates were in 2021.

## DISCUSSION

"'A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment.' [Citation.] Moreover, 'the right to appeal is strictly statutory, and a judgment or order is not appealable unless made so by statute.' [Citation.]" (*Warwick California Corp. v. Applied Underwriters, Inc.* (2020) 44 Cal.App.5th 67, 72 (*Warwick California*).) Hence, "' "[a]n attempt to appeal from a nonappealable order does not give this court jurisdiction or authority to review it." ' [Citation.] Whether or not the opposing party makes a jurisdictional objection, '[a] reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1.' " (*Warwick California, supra*, at p. 72.)

Mendones presents various arguments challenging the demurrer order. She presents no separate argument regarding the dismissal order, but argues that, if the demurrer order is reversed, then the dismissal order must also be reversed.

An order sustaining a demurrer with or without leave to amend is not separately appealable, but may only be reviewed on an appeal from a valid order or judgment of dismissal for which a timely notice of appeal has been filed. (See *Vibert v. Berger* (1966) 64 Cal.2d 65, 67-68; *Singhania v. Uttarwar* (2006) 136 Cal.App.4th 416, 425.) We are without jurisdiction to review the demurrer order, however, as the record on appeal contains only an unsigned order of dismissal, which is not a valid judgment of dismissal.

4

The "second paragraph of section 581d [of the Code of Civil Procedure] states: 'All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case.' An order that is not signed by the trial court does not qualify as a judgment of dismissal under section 581d." (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1578 (*Powell*); see also *Jordan v. Malone* (1992) 5 Cal.App.4th 18, 22 (*Jordan*) [appellate court did not have to alert plaintiff to defect in record before dismissing the appeal where plaintiff admitted no "formal judgment" was entered prior to the filing of a notice of appeal].) The consequence of the lack of a dismissal order signed by the court is that "there is no final judgment that might serve as a basis for appellate jurisdiction." (*Powell*, *supra*, at p. 1578.) [2] While Mendones is representing herself, the "ultimate responsibility" rests with her as the appealing party to ensure that an appealable order or judgment has been entered in order to perfect her appeal. (*Jordan*, *supra*, at p. 21.) Because no appealable order or judgment of dismissal has been entered in this case, the appeal from the dismissal order is premature and must be dismissed.

---

[2] We recognize that as an appellate court we have the " 'discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate,' " but we exercise that power " 'only in unusual circumstances,' " which are not present here. (*Williams v. Impax Laboratories, Inc*. (2019) 41 Cal.App.5th 1060, 1071-1072 ["more is required than just a colorable dispute about an order's appealability to create unusual circumstances justifying the exercise of our discretion to treat an appeal as a writ petition"].)

We must also dismiss the appeal from the order denying the motion for reconsideration made pursuant to Code of Civil Procedure section 1008, subdivision (a), as such an order "is not separately appealable." (*Id.*, subd. (g).) While an order denying reconsideration is reviewable as part of an appeal from an appealable order that is the subject of the motion for reconsideration (*ibid.*), the demurrer order and dismissal order are not appealable orders.

## DISPOSITION

The appeal is dismissed. Each party shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).) In the event a subsequent appeal is taken from a properly appealable order or judgment of dismissal, the parties may request that this court take judicial notice of the record and briefing on file herein.

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Fujisaki, J.

*Mendones v. Washington Hospital Healthcare System / A162989*