Filed 3/17/26  Goodman v. Nelson CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KELSEY TAYLOR GOODMAN, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MANDY NELSON, <br><br> Defendant and Appellant. | F088566 <br><br> (Super. Ct. No. MCV090666) <br><br> **OPINION** |

APPEAL from an order of the Superior Court of Madera County.  Michael J. Jurkovich, Judge.

Law Office of Dushawn Johnson and Dushawn Johnson for Defendant and Appellant.

Kelsey Taylor Goodman, in pro. per., for Plaintiff and Respondent.

-ooOoo-

This is a civil dispute between appellant Mandy Nelson (Nelson) and respondent Kelsey Taylor Goodman (Goodman). Goodman obtained a Civil Harassment Restraining Order (CHRO) against Nelson, and Nelson filed an anti-SLAPP[1] motion against the CHRO. The trial court purportedly denied the anti-SLAPP motion because the motion was not filed within the time requirements of Code of Civil Procedure[2] section 425.16, subdivision (f). In this appeal, Nelson contends the trial court abused its discretion by denying her anti-SLAPP motion on procedural grounds and without considering the merits of her arguments. Although not raised by the parties, we ordered additional briefing on whether we have jurisdiction to hear Nelson's appeal, an issue not raised by the parties. We now dismiss this appeal for lack of jurisdiction.

## BACKGROUND

On November 7, 2023, Goodman filed an application for a CHRO against Nelson pursuant to section 527.6. According to the application, Goodman and Nelson were at one time close friends. However, the friendship shattered after Nelson believed that Goodman's minor son molested her (Nelson's) minor daughter and Goodman got engaged to Nelson's ex-husband. In late September 2023, Nelson began to make false statements about Goodman's children and parenting style and also began to make threatening statements towards Goodman, some of which were made through electronic means and social media. More statements and threats followed throughout October and into November 2023, but Nelson's conduct became intolerable after she learned that Goodman was engaged to her (Nelson's) ex-husband.

On November 8, 2023, the trial court granted Goodman's application for a CHRO.

---

[1] "SLAPP" refers to a " ' "strategic lawsuit against public participation," ' " and an "anti-SLAPP motion" refers to the special motion to strike provided by Code of Civil Procedure section 425.16. (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1007, fn. 1.)

[2] All further statutory references are to the Code of Civil Procedure.

On November 15, 2023, the CHRO application and the CHRO were served on Nelson.

On February 21, 2024, Nelson retained counsel.

On May 28, 2024, Nelson filed an anti-SLAPP motion in response to the CHRO.

On August 26, 2024, the trial court issued a tentative order to deny the anti-SLAPP motion (the August Order). The court explained the anti-SLAPP motion was filed 195 days after the CHRO was issued and served, which was well outside the 60-day filing deadline set by section 425.16, subdivision (f). The court also explained that the moving papers did not provide an adequate basis for it to exercise its discretion and consider the late-filed motion on the merits.

On August 29, 2024, Nelson filed her notice of appeal.

An entry in the register of actions indicates that the August 30, 2024 hearing on the anti-SLAPP motion was taken off calendar.

On January 23, 2026, after the briefing in this appeal was otherwise complete, we issued an order for the parties to submit additional briefing. Specifically, we ordered the parties to address our jurisdiction and whether the August Order was appealable.

On January 30, 2026, Goodman timely filed her additional briefing.

On February 11, 2026, Nelson filed her additional briefing.[3]

## JURISDICTION OVER THIS APPEAL

### A.     Parties' Arguments

Nelson argues that we have jurisdiction pursuant to section 904.1, subdivision (a)(13). Nelson argues neither this statute nor case law requires that an order follow a particular format or be labeled in a particular way; rather, the order need only clearly and finally resolve an anti-SLAPP motion to be appealable. Because it clearly

---

[3]     Our January 23 order gave the parties 15 days to submit additional briefing. Nelson's additional briefing was filed after the 15-day deadline. In the interests of justice, we will consider Nelson's untimely briefing.

and finally denied her anti-SLAPP motion, Nelson argues the August Order is appealable. Alternatively, Nelson argues that even if the August Order did not formally become "final," this is a technical deficiency that would unnecessarily force her to request the trial court enter a formal order and then refile this appeal. Nelson argues such a course is contrary to the purpose of the SLAPP statute. Nelson argues we should either construe the record as reflecting a final judgment or stay this appeal and order the court to enter a formal final order nunc pro tunc.

Goodman argues the August Order is not final through operation of California Rules of Court, rule 3.1308(a)(2) (Rule 3.1308(a)(2)) and Madera County Superior Court, Local Rules, rule 3.3.6 (Local Rule 3.3.6). Since the August Order is only tentative, Goodman argues that it is unappealable and that we must dismiss this appeal for lack of jurisdiction.

### B. Legal Standards

" 'The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal.' " (*Blauser v. Dubin* (2024) 106 Cal.App.5th 918, 920; *Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.) Whether an order or judgment is appealable is a " 'wholly statutory' " matter, and unless an order is expressly made appealable by a statute, appellate courts have no jurisdiction to consider the order. (*Levinson Arshonsky & Kurtz LLP v. Kim* (2019) 35 Cal.App.5th 896, 903; see also *Jordan v. Malone* (1992) 5 Cal.App.4th 18, 21 (*Jordan*).) Thus, "[a]ppellate jurisdiction cannot be created by consent, waiver, or estoppel." (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1432; *Four Point Entertainment, Inc. v. New World Entertainment, Ltd.* (1997) 60 Cal.App.4th 79, 81, fn.1.) As relevant to this appeal, section 904.1, subdivision (a) (13) permits an appeal "[f]rom an order granting or denying a special motion to strike under [s]ection 425.16 …." (§ 904.1, subd. (a)(13).)

As a necessary corollary to the appealable order rule, appellate courts lack the authority and jurisdiction to review nonappealable orders. (*Chango Coffee, Inc. v.*

4.

*Applied Underwriters, Inc.* (2017) 11 Cal.App.5th 1247, 1254 (*Chango Coffee*); *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432; *Woodman v. Ackerman* (1967) 249 Cal.App.2d 644, 646 (*Woodman*).)  An appeal may not be taken from a tentative order or judgment.  (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 99 (*Sapp*); *In re Marriage of Hafferkamp* (1998) 61 Cal.App.4th 789, 793–794 (*Hafferkamp*); *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1121, fn. 3; *Jordan*, *supra*, 5 Cal.App.4th at pp. 21–23.)  When an appellant attempts to appeal a nonappealable order, appellate courts are obliged to dismiss the appeal.  (*Harper v. Hildreth* (1893) 99 Cal. 265, 270; *Chango Coffee*, at p. 1254; *Doe*, at p. 1432; *Hafferkamp*, at p. 794; *Jordan*, at p. 23; *Woodman*, at p. 646.)

### C. Analysis

It is apparent that the August Order is a tentative order and thus, not appealable. (*Sapp*, *supra*, 36 Cal.App.5th at p. 99; *Hafferkamp*, *supra*, 61 Cal.App.4th at pp. 793– 794.)

First, the plain language of Local Rule 3.3.6[4]  and Rule 3.1308(a)(2) demonstrate the August Order is a nonfinal tentative order.  Local Rule 3.3.6, which is entitled "Tentative Rulings" and became effective in 2016, states in part that while the Madera County Superior Court does not routinely issue tentative rulings, when a tentative ruling is issued, the court must follow the procedure described in Rule 3.1308(a)(2).  (Local Rule 3.3.6.)  Local Rule 3.3.6 also expressly provides that a tentative ruling "shall not become final until the hearing."  (*Ibid*.)  Similarly, Rule 3.1308, which is entitled "Tentative Rulings," in relevant part provides that a "tentative ruling … will not become the final ruling of the court until the hearing."  (Rule 3.1308(a)(2).)  Under the plain

---

[4]     The Madera County Superior Court, Local Rules are publicly available on the Madera County Superior Court's website:  <https://www.madera.courts.ca.gov/general-information/local-rules> (as of March 16, 2026), archived at: <https://perma.cc/AT5E-MJMP>.

language of these two rules, a hearing on the underlying motion must be held before a tentative ruling can become final.  (Rule 3.1308(a)(2); Local Rule 3.3.6.)

Here, no hearing on the anti-SLAPP motion was ever held.  The hearing on the anti-SLAPP motion was set for August 30, 2024, but it was taken off calendar after Nelson filed her notice of appeal on August 29, 2024.  Because no hearing on the anti-SLAPP motion took place on August 30, 2024 (or apparently on any date thereafter), there was no opportunity for the August Order to become final through the procedures mandated by Rule 3.1308(a)(2) and Local Rule 3.3.6.  Therefore, application of these two rules leads to the inescapable conclusion that the August Order remains tentative and has not become final.

Second, the language of the August Order itself demonstrates it is not a final order. The August Order is expressly entitled, "[TENTATIVE] RULING DENYING RESPONDENT'S ANTI-SLAPP MOTION TO STRIKE."  Consistent with this title, the August Order refers to itself consistently as the "[Tentative] Ruling."  Further, the trial court explained the nature of the August Order in the second paragraph:

> "This Court has prepared the below [Tentative] Ruling to assist the parties in preparing for the hearing.  It is not necessary to contact the Court in advance of the hearing concerning whether counsel contests the [Tentative] Ruling.  No decision will be made on the [Tentative] Ruling until the hearing."

Finally, the court ended the August Order by informing the parties that it looked "forward to argument at the hearing on August 30, 2024, at 9:30 a.m. …."[5]  Given this language, it is apparent that the August Order is tentative and was not intended to be the final word on Nelson's anti-SLAPP motion.  Instead, the court clearly intended to conduct a hearing and consider the parties' oral arguments before it finally resolved the anti-SLAPP motion.

---

[5]     All bracketed quotes that contain the word "tentative" are original to and appear in the August Order.

6.

Nelson argues the August Order is intended to be a final order. However, Nelson does not explain how the August Order is clearly a final order and does not cite to any specific portions of that order. This is likely because the language of the August Order is contrary to her argument. Again, the August Order refers to itself only as tentative, explains that it is intended to assist the parties in preparing for the hearing, states that no decision will be made until the hearing is conducted, and emphasizes that the court is looking forward to the hearing. We see nothing in the August Order that suggests it is intended to be a final order.[6]

Nelson also argues the failure of the trial court to formally designate the August Order as "final" is a mere technicality that should be overlooked because she will simply file this appeal again once the court makes the appropriate designation. We cannot agree that this case involves a mere technical error. It is well established that an appealable order is a jurisdictional prerequisite to a valid appeal. (*Blauser v. Dubin*, *supra*, 106 Cal.App.5th at p. 920; *Canandaigua Wine Co., Inc. v. County of Madera*, *supra*, 177 Cal.App.4th at p. 302; see also *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) It is equally well established that a tentative order can be changed and thus, is not a final or an appealable order. (*Hafferkamp*, *supra*, 61 Cal.App.4th at pp. 793–794; see also *Sapp*, *supra*, 36 Cal.App.5th at p. 99; *Jordan*, *supra*, 5 Cal.App.4th at pp. 21–23.) As explained above, the August Order is a tentative nonfinal order. This makes Nelson's appeal premature. Our Supreme Court observed many years ago, "the want of jurisdiction … over a premature appeal is absolute, and as consent cannot confer jurisdiction, the defect cannot be waived." (*Spencer v Troutt* (1901) 133 Cal. 605, 609; see also *Phillips v. Phillips* (1953) 41 Cal.2d 869, 874.) Nelson cites no cases in which

---

[6]    Nelson cites *Russell v. Foglio* (2008) 160 Cal.App.4th 653 to argue that no particular format or special title is needed to make an order appealable, so long as the order clearly and finally disposes of an anti-SLAPP motion. However, *Russell* has no application to this appeal because the August Order is tentative, not final.

an appellate court has entertained a direct appeal from a nonappealable order or classified the failure to appeal a final appealable order as involving a "technicality."[7]  Therefore, far from being a mere technical error, the failure of the tentative order to become final, and Nelson's failure to appeal an appealable nontentative order, are dispositive.  (*Spencer*, at p. 609; *Chango Coffee*, *supra*, 11 Cal.App.5th at p. 1254; *Hafferkamp*, at p. 794; *Jordan*, at p. 23; *Woodman*, *supra*, 249 Cal.App.2d at p. 646.)

Finally, Nelson requests in the alternative that we stay this appeal and order the trial court to reenter nunc pro tunc the August Order as a final order.  We cannot grant Nelson's request.  Aside from the fact that Nelson's request is unsupported by citation to any authority, the request fails to appreciate the nature of the August Order.  The August Order is a tentative ruling that was intended to assist and guide the parties during the August 30, 2024 hearing.  By stating that it looked forward to the hearing, and that no decision would be made on the tentative ruling until after the hearing was conducted, the court was clearly counting on the hearing to provide it with additional information.  If we were to grant Nelson's request, we would deprive the court of its ability to conduct a hearing and to then make a fully informed and final decision based on the briefing and oral arguments of the parties.  Not only would this unduly limit the court, it would also violate Rule 3.1308(a)(2), which dictates that a tentative ruling cannot become final until after a hearing.  Further, Nelson's request assumes it is a foregone conclusion that the court will adopt the August Order as its final order.  However, as a merely tentative order, the court is not bound by the August Order.  (*Hafferkamp*, *supra*, 61 Cal.App.4th at p. 794; see also *Clark v. Mazgani* (2009) 170 Cal.App.4th 1281, 1290, fn. 5.)  After

---

[7]  Nelson does cite *In re Joshua S.* (2007) 41 Cal.4th 261 and *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15.  However, *Joshua S.* involved defects in the notice of appeal (*Joshua S.*, at p. 272), and *Walker* held that an attempt to appeal the denial of a motion for new trial should be construed as an appeal of the underlying judgment (*Walker*, at p. 22).  Neither case involved an attempt to appeal a nonappealable order from a case in which no final judgment had been entered.

conducting a hearing, it is possible the court could disregard the August Order and resolve the anti-SLAPP motion in a completely different manner.[8]  We will not take away the court's discretion to change its tentative ruling simply because Nelson filed a premature appeal.

In sum, operation of Local Rule 3.3.6 and Rule 3.1308(a)(2), as well as the plain language of the August Order itself, establish the August Order is a tentative order that is not appealable.  (*Sapp*, *supra*, 36 Cal.App.5th at p. 99; *Hafferkamp*, *supra*, 61 Cal.App.4th at pp. 793–794; *Jordan*, *supra*, 5 Cal.App.4th at pp. 21–23.)  Because the August Order is a nonappealable order, we are without jurisdiction to review it and must dismiss this appeal.  (See *Harper v. Hildreth*, *supra*, 99 Cal. at p. 270; *Chango Coffee*, *supra*, 11 Cal.App.5th at p. 1254; *Hafferkamp*, at p. 794; *Jordan*, at p. 23; *Woodman*, *supra*, 249 Cal.App.2d at p. 646.)

## DISPOSITION

The appeal is dismissed.  Goodman is awarded her costs on appeal.

HARRELL, J.

WE CONCUR:

HILL, P. J.

FRANSON, J.

---

[8]     To be clear, we express no opinion as to how the trial court should ultimately resolve Nelson's anti-SLAPP motion.  We merely acknowledge that the court is free to adopt or to disregard the tentative August Order as it sees fit.