Filed 2/3/16  Bliss v. City of Indio CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| JAMES BLISS,  Plaintiff and Appellant,  v.  CITY OF INDIO,  Defendant and Respondent. | E061938  (Super.Ct.No. PSC1302116)  OPINION |

APPEAL from the Superior Court of Riverside County.  David M. Chapman, Judge.  Affirmed.

Law Offices of Sandra L. Noël and Sandra L. Noël for Plaintiff and Appellant.

Kessel & Associates, Elizabeth M. Kessel and Alexis Cirkinyan for Defendant and Respondent.

I

INTRODUCTION

Plaintiff and appellant James Bliss is a former employee of the City of Indio

1

(City). He filed a complaint against the City for employment discrimination based on mental disability and three other causes of action. The trial court ruled in favor of the City on its demurrer but granted leave to amend the first and second causes of action. Instead of amending, Bliss filed a request to dismiss his entire action without prejudice. Bliss now appeals. Based on our independent review, we hold Bliss cannot state a cause of action. We affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

We base our summary of the facts on the allegations of the complaint.[1]

*A. Bliss's Employment from 2002 to 2012*

In August 2002, the City hired Bliss as an LAN (Local Area Network) Administrator. In July 2006, the title of his position was changed to IT (Information Technology) administrator and included WAN (Wide Area Network) work.

In 2010, Robert Rockwell was hired as the City's finance director, overseeing Mike Young, Bliss's immediate supervisor. Rockwell asked Young to evaluate all the IT employees. In January 2011, an auditor questioned Bliss about Young's performance, causing him to experience discomfort. In April 2011, Bliss received a diagnosis of

---

[1] The appellant's statement of facts consists of a single paragraph, five pages long, which mostly duplicates the allegations of the complaint without any effort to summarize the significant facts, as required by California Rules of Court, rule 8.204(a)(2)(C).

2

depression and Generalized Anxiety Disorder.  Bliss alleges that, after his diagnosis, Rockwell began to harass him so he would resign.  Rockwell also "informally" changed Bliss's title from IT administrator back to Network Administrator.

In July 2011, Bliss learned that he had not been able to apply for a "safe" position as Network Adminstrator with the water department.  In August 2011, Bliss was criticized about his work involving deletion of accounts for former employees of the water department.  Bliss believed he had followed the usual protocol.

On September 15, 2011, Bliss was placed off work for medical reasons.  On January 4, 2012, he returned to work on a limited schedule of one day a week.  Bliss asked the City to explain why he had not been considered for the water department job but he was not satisfied with the City's response that he was in a different class and lacked seniority.

On April 30, 2012, Bliss was placed on administrative leave and told his position was being eliminated effective July 1, 2012, due to a reduction in force.  Between June 14, 2012, and October 31, 2012, there were two other open Network Administrator positions for which Bliss was not hired even though the City has a policy of rehiring employees terminated for a reduction in force.

B.  *The Complaint*

Bliss filed a notice of governmental claim (Gov. Code, §§ 910, 910.2) on April 29, 2013.  The City rejected the claim on June 6, 2013.  On October 1, 2013, Bliss filed a

3

discrimination complaint with the DFEH,[2] later amended, and was issued a notice of right to sue.

Bliss's first cause of action for employment discrimination is based on mental disability under FEHA. (Gov. Code, §§ 12926, 12940.) His second cause of action alleges the City retaliated against him for exercising medical leave under the California Family Rights Act (CFRA) (Gov. Code, § 12945.2). His third and fourth causes of action allege the City refused to engage in an interactive process with Bliss about accommodation or alternatives and the City denied him reasonable accommodation.

*C. The Demurrer*

The City demurred to the complaint for failure to state a claim because it was untimely. Bliss's employment was terminated on July 1, 2012, but he did not file a DFEH complaint until more than a year later in October 2013. Furthermore, the first and second causes of action do not allege Bliss received disparate treatment in view of the City's reduction in force. There are also insufficient allegations that Bliss took CFRA leave. Additionally, his DFEH complaint did not include allegations of the City's failure to engage in the interactive process or to grant reasonable accommodations. Therefore, he did not exhaust his remedies for the third and fourth causes of action.

Bliss responded that the City took an adverse action against him on October 31, 2012, by not rehiring him, and his DFEH complaint and subsequent civil action were

_____

[2] Department of Fair Employment and Housing.

4

therefore timely. He also argues he sufficiently alleged a prima facie case of disability discrimination, retaliation, and his two related claims for failure to accommodate.

The trial court found Bliss's termination on July 1, 2012, "constituted an act which made clear that continued adverse treatment was expected and triggered a duty for plaintiff to assert his rights." The court sustained the demurrer to the third and fourth causes of action without leave to amend as time-barred and for failure to exhaust administrative remedies. The court ruled Bliss had not alleged a prima facie case for discrimination or retaliation on the first and second causes of action. The court granted leave to amend the first and second causes of action based only on the failure to rehire Bliss on October 31, 2012.

Instead of amending the complaint, Bliss filed a request for dismissal without prejudice by the clerk of the court of the entire action on April 7, 2014. On July 23, 2014, Bliss filed a notice of entry of dismissal. Bliss then filed a notice of appeal on September 17, 2014.

III

APPEALABILITY

At the outset, we consider the issue of appealability. A judgment of dismissal is an appealable event pursuant to Code of Civil Procedure section 904.1. (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 829.) An appeal will not lie from an order of dismissal. (*Munoz v. Florentine Gardens* (1991) 235 Cal.App.3d 1730, 1732.) Bliss's appeal is taken from an order of dismissal, not from a judgment. Nothing in the

5

record reflects an entry of judgment.  The record before us includes a minute order that reflects that the present case was dismissed by the clerk of the court on April 7, 2014.

Nevertheless, partly for reasons of judicial efficiency, we conclude an order of dismissal after demurrer may be treated as a judgment.  As explained in *Gitmed*:  ". . . it is clear that here the court apparently failed to undertake its ministerial duty of filing a judgment of dismissal. . . .  Under the circumstances, an appealable judgment should have been rendered.  We therefore elect to treat this appeal as an appeal from that judgment.  (*Dominguez v. City of Alhambra* (1981) 118 Cal.App.3d 237, 242.)"  (*Gitmed v. General Motors Corp., supra,* 26 Cal.App.4th at p. 829, fn. 8.)  Treating the dismissal as a judgment avoids any impropriety in reviewing an interim order.  (*Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967, 975.)

IV

DISCUSSION

*A.  Standard of Review*

In his case against the City, a public entity, Bliss must plead the particular facts which support the statutory basis of liability.  (*Searcy v. Hemet Unified School District* (1986) 177 Cal.App.3d 792, 802.)  "'A demurrer tests the legal sufficiency of factual allegations in a complaint.'  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 42.)  The standard of review on appeal from a dismissal after an order sustaining a demurrer is well established.  '[W]e review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of

6

law.  [Citations.]'  (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501.)  We give the complaint a reasonable interpretation, and treat the demurrer as admitting all material facts properly pleaded.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  'We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law. [Citation.]'  (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)" (*Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 980.)

It is not disputed that a one-year limitations period applies to FEHA claims. (Gov. Code, § 12960, subd. (d).)  The facts, as pleaded by Bliss, involved conduct occurring between January 2011 and October 31, 2012.  Bliss filed his DFEH complaint on October 1, 2013.  Bliss's claims for failure to accommodate, as presented in the third and fourth causes of action, all predate the effective date of his termination, July 1, 2012. For that reason, the trial court properly sustained without leave to amend the City's demurrer to the third and fourth causes of action.  To the extent his claims in the first and second cause causes of action are based on conduct occurring before July 1, 2012, his claims are also untimely.

We reject Bliss's effort to rely on the doctrine of equitable tolling based on a continuing course of wrongful conduct.  (*Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798, 823; *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1056; *Acuna v. San Diego Gas & Electric Co.* (2013) 217 Cal.App.4th 1402, 1414-1415.)  As the trial court found, the doctrine does not apply to extend the limitations period after July 1, 2012, when Bliss's employment ended.  The trial court properly sustained the demurrer to the

7

third and fourth causes of action, and most of the first and second causes of action, as untimely.

The trial court granted Bliss leave to amend the first and second causes of action to state a claim based on the City's refusal to rehire Bliss on October 31, 2012. Bliss did not amend the first and second causes of action to cure their deficiencies. We conclude Bliss failed to state a claim on those causes of action, primarily because he did not allege facts to show a discriminatory or retaliatory motive.

FEHA states, as relevant, "It is an unlawful employment practice . . . . [¶] (a) For an employer, because of . . . mental disability . . . to discriminate against [an employee] . . . in terms, conditions, or privileges of employment." (Gov. Code, § 12940, subd. (a).) A qualifying "mental disability" under FEHA includes "any mental or psychological disorder . . . , such as . . . emotional or mental illness" that "limits a major life activity." (Gov. Code, § 12926, subd. (j)(1).)

To establish a prima facie case of mental disability discrimination under FEHA, a plaintiff must show the following elements: (1) he suffers from a mental disability; (2) he is otherwise qualified to do the job with or without reasonable accommodation; and (3) he was subjected to an adverse employment action because of the disability. (*Faust v. California Portland Cement Co.* (2007) 150 Cal.App.4th 864, 886.)

As to the first cause of action for discrimination, Bliss does not allege how he was treated differently by the City than similarly situated employees because of his disability. (*McGrory v. Applied Signal Technology, Inc.* (2013) 212 Cal.App.4th 1510, 1534, citing

8

*Teamsters v. United States* (1977) 431 U.S. at pp. 335-336, fn. 15; *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 355, 364-370.) The reduction in force applied to all employees, even if the reduction primarily affected Bliss. There are no allegations that Bliss was treated differently from other employees because of his mental disability. His discomfort with Rockwell's supervision was not actionable: "An employee's inability to work under a particular supervisor because of anxiety and stress related to the supervisor's standard oversight of the employee's job performance does not constitute a disability under FEHA. [Citations.]" (*Higgins-Williams v. Sutter Medical Foundation* (2015) 237 Cal.App.4th 78, 84.)

As to the claim based on medical leave, Bliss does not allege sufficient facts to support a CFRA claim. The elements of a CFRA claim are: 1) the plaintiff was eligible for medical leave; 2) the plaintiff requested and took leave; 3) the plaintiff provided reasonable notice to the defendant; 4) the defendant refused to return the plaintiff to the same or a comparable job when his leave ended; 5) the plaintiff was substantially harmed by defendant's conduct. (*Avila v. Continental Airlines, Inc.* (2008) 165 Cal.App.4th 1237, 1254.) Defendant did not specifically allege any of these elements.

Furthermore, although he was off work from September 2011 until January 2012, Bliss returned to the same position and worked another four months until the end of April 2012. He was then informed his position was being eliminated on July 1, 2012, due to a reduction in force. He does not allege facts to show that he was not hired on October 31, 2012, because of his mental disability or because he had taken CFRA leave. Because

9

there was a four-month delay from January 4, 2012, until April 30, 2012, and a 10-month delay from January 4, 2012 until October 31, 2012, the City's conduct was not discriminatory or retaliatory when it did not rehire him on October 31, 2012.  (*Richmond v. ONEOK, Inc.* (10th. Cir. 1997) 120 F.3d 205, 209; *Hughes v. Derwinski* (7th Cir. 1992) 967 F.2d 1168, 1174-1175.)

V

DISPOSITION

All four causes of action are time-barred in their present state.  Based on the record before us, we cannot speculate on whether Bliss could have amended his first and second causes of action to state viable causes of action—although it seems unlikely he could do so.  Bliss risked this outcome by choosing not to amend and then dismissing his complaint.

We affirm the judgment and award the City its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON                  
J.

We concur:


HOLLENHORST          
        Acting P. J.


McKINSTER            
        J.

10