Filed 1/20/21  Wu v. Estate of Lau CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| NANCY WU, | B299305 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV00015) |
| v. | |
| ESTATE OF JOHN LAU et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Dismissed.

Helen W. Quan for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Plaintiff Nancy Wu (Wu) appeals from a trial court order declining to vacate a purported judgment dismissing her lawsuit without prejudice because she did not serve any of the named defendants within 70 days of filing the complaint. We cannot decide whether the order is an abuse of discretion because there has been no final judgment of dismissal signed by the trial court—and the court declined to enter such a judgment when asked to do so. So we shall dismiss the appeal, leaving Wu free to pursue whatever means seem most expedient to perfect an appeal, if that remains her chosen course of action.

## I. BACKGROUND

Wu, representing herself, filed a complaint against the Estate of John Lau and some 15 other defendants alleging primarily fraud-type causes of action. In brief, the complaint alleged Wu discovered during probate proceedings instituted in 2016 that her then-deceased ex-husband had fraudulently distributed community assets to others. Shortly after Wu's complaint was filed, the trial court set a hearing for Wu to show cause why her lawsuit should not be dismissed because no proofs of service had been filed to indicate the complaint and summons had been served on any of the defendants.

On the appointed date for the show cause hearing in March 2019, Wu did not show up. Nor had she submitted proof that any of the defendants had been served. The trial court dismissed Wu's lawsuit without prejudice.

Two months later, in May 2019, Wu moved under Code of Civil Procedure section 473, subdivision (b) (Section 473(b)) to

vacate dismissal of her lawsuit.[1] In a declaration submitted with her Section 473(b) motion, Wu claimed she did not appear at the show cause hearing because she never received the hearing notice the trial court mailed to her. She also averred she was "having some financial difficulties paying Sheriff to serve some of the defendants; therefore, [she] was not able to serve defendants timely." Although Wu reiterated she was "having financial hardship," she asserted she would hire a registered process server to "timely serve all defendants" if the dismissal were vacated.

On June 7, 2019, the trial court held a hearing on Wu's Section 473(b) motion to vacate the dismissal without prejudice. We have no record of what transpired at the hearing because it was unreported and Wu has not provided us with a settled or agreed statement summarizing the proceedings. The court did issue a minute order after the hearing, and it states the court denied Wu's motion "having read and considered all papers filed and having heard argument from [Wu]."

Wu filed a July 22, 2019, notice of appeal stating she was appealing from "the appealable rulings made on June 7, 2019," specifically the ruling on her motion "for an order to set aside the dismissal entered on March 12, 2019 against her based on her failure to file proof of service . . . ." While initial processing of the appeal was underway in this court, Wu filed a document in the

---

[1] Section 473(b) permits a court, "upon any terms as may be just," to "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

3

trial court advising her civil case information statement had been deemed deficient because it did not attach a judgment of dismissal signed by the trial court.  To remedy the deficiency, Wu asked the court to sign a concurrently submitted proposed judgment of dismissal, and she also asked the court to sign a proposed order denying the 473(b) motion.

The trial court issued a signed minute order in response to Wu's request.  It summarized the court's reasons for denying Wu's Section 473(b) motion.  It also characterized Wu's request for the entry of signed orders as an "improper ex parte application" and stated the "application" was denied.  Thus, no signed judgment of dismissal was entered by the court.

## II.  DISCUSSION

A dismissal order is appealable as a final judgment when the order complies with Code of Civil Procedure section 581d, which states that "[a]ll dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action . . . ."  A minute order granting a motion to dismiss is ""ineffectual and nonappealable; no appeal can be taken except from the order signed and filed.""" (*Miranda v. 21st Century Ins. Co.* (2004) 117 Cal.App.4th 913, 919, fn. 5.)  An appeal taken from a nonappealable order must be dismissed because an appellate court is without jurisdiction to entertain it.  (*Munoz v. Florentine Gardens* (1991) 235 Cal.App.3d 1730, 1732.)

Wu purports to appeal from the denial of her Section 473(b) motion.  Our appellate record does include a signed order denying that motion.  The problem, however, is the record includes no judgment of dismissal signed by the court—even though Wu alerted the trial court to the apparent problem—and an appeal

4

from a post-judgment order only lies if there is a valid underlying final judgment, which we do not have.  (See, e.g., *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394; see also *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1578.)  That is regrettable, because it means duplicative administrative work by this court, and by the trial court, may be necessary in the future.  But we have no jurisdiction to hear this appeal now.

## DISPOSITION

The appeal is dismissed.  Wu shall bear her own costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.


I concur:




KIM, J.


5

## *Wu v. Estate of Lau et al. – B299305*

**Rubin, P. J., Concurring:**

I write separately to emphasize the hurdles the trial court
has unnecessarily placed in plaintiff's path as she attempts to
obtain a decision on the merits of her claim.  In March 2019,
some 70 days after plaintiff filed her complaint, the trial court
dismissed the action for failure to serve defendants.  The trial
court did not file a signed order of dismissal, thus depriving
plaintiff of an adverse judgment she could appeal.  (See Code Civ.
Proc., § 581d ["All dismissals ordered by the court shall be in the
form of a written order signed by the court and filed in the action
. . . ."].)  Thereafter, plaintiff asked the court to set aside the
dismissal.  In June 2019, the trial court denied plaintiff's motion
to vacate.[1]

When the clerk of this court notified plaintiff that her
appeal was missing the necessary signed order of dismissal,
plaintiff duly filed in the trial court papers asking the trial court
to sign the dismissal order.  For the court's convenience, plaintiff
submitted a proposed order of dismissal containing a block for the
court's signature.  And, with an abundance of caution, plaintiff
also submitted a proposed order denying the motion to vacate,
also with a block for the court's signature.  The trial court signed
neither order.  Instead, on September 9, 2019, the court caused to
be filed two different orders.  One, which was signed, appears to

---

[1]     Based on the record currently before this court, plaintiff
has a colorable argument that the trial court abused its
discretion in failing to set aside the dismissal.

be a standard minute order denying the motion to vacate. This order referred to a second, unsigned order, entitled "Order Denying the Motion to Set Aside." The second order provided the basis for the court's denial of the motion to vacate. The trial court did not sign a written order of dismissal even though plaintiff's declaration and her attached letter from the clerk of this court indicated it was the signed order of dismissal that she needed to prosecute her appeal.

So the upshot of this all is a dismissal of the appeal as one from a nonappealable order. Not that the *type* of order is nonappealable, but it became so because it was not signed. Presumably, plaintiff will ask the trial court again to sign the dismissal order and, if it does, a new appeal period will begin, and presumably plaintiff will refile her appeal. As the majority correctly observes, the failure to sign the order of dismissal in the first instance or even the second instance likely will lead to duplicative administrative work by this court and the trial court. More importantly even if plaintiff files a new appeal and prevails, this self-represented plaintiff's right of access to the courts will have been significantly delayed. The impact of this delay is unknown.

Our courts already present an imposing maze of requirements to the average citizen who lacks legal representation. In recognition of these impediments, our Chief Justice and the Judicial Council have made access to the courts for self-represented litigants a priority, and have tasked the Council's Advisory Committee on Providing Access and Fairness with implementing reforms to improve the ability of every Californian to access the courts. For example, the Chief Justice has said, "We also know that in California, the courts are such

2

that the new normal is ninety percent unrepresented come to court in the most significant of cases—those having to do with family law and housing law." (Tani G. Cantil-Sakauye, Keynote Address: University of California Hastings College of the Law (2016) 67 Hastings L.J. 1181, 1182 (Keynote Address).) The Advisory Committee on Providing Access and Fairness for its part works on "educating judges about how better to address and resolve cases where you have pro se litigation or where one side is represented by an attorney but the other is not, but you need to achieve balance and fairness in your courtroom." (*Id.* at p. 1187; see also Engstrom, *Post-Covid Courts* (2020) 68 UCLA L. Rev. Disc. 246, 248 ["Our courts are . . . shockingly out of touch with the justice needs of ordinary Americans, who get little help in most – perhaps 85 percent or more – of the legal problems they encounter."].)

Here, the trial court closed its doors to this pro se plaintiff as she attempted to navigate the complex procedures of pursuing a civil claim. Hopefully, the next time around plaintiff will find "the judicial branch more inclusive." (Keynote Address, *supra*, 67 Hastings L.J. at p. 1187.)

RUBIN, P. J.

3