[No. A077740. First Dist., Div. Two. Jan. 20, 1998.]

In re the Marriage of KATHERINE M. and RUSSELL A.
HAFFERKAMP.
KATHERINE M. HAFFERKAMP, Appellant, v.
RUSSELL A. HAFFERKAMP, Respondent.

**COUNSEL**

David A. Long and Bernard N. Wolf for Appellant.

A. Charles Dell'Ario for Respondent.

**OPINION**

**HAERLE, J.—**

## I. INTRODUCTION

This is an appeal from an order purporting to grant a new trial in a family law matter. The appellant is the wife who was the respondent below; the

respondent on the appeal is the husband. For purposes of simplicity only, we shall refer to the parties as Husband and Wife. Husband has moved to dismiss the appeal, and we herewith grant the motion.

## II. Factual and Procedural Background

The petition for dissolution was filed May 11, 1995, by Husband and responded to by Wife in October 1995. The parties had been married for 12 years and had 2 children. On December 21, 1995, a stipulated interim spousal and child support order issued which was amended, also by stipulation, in February 1996. The parties apparently settled their community property issues, but were unable to do the same as regards the issues of spousal or child support or attorneys' fees. Those matters came on for trial on May 20, 1996.[1] The trial court took testimony for several hours that afternoon and also on the afternoon of May 29. The trial consumed less than eight hours of court time. (See Code Civ. Proc., § 632.)[2] Apparently, neither at the trial nor subsequent to submission of the case did either party request a statement of decision.[3] (*Ibid.*) Subsequent to the trial, the parties submitted posttrial briefs and declarations. The last such submission, a letter to the court from Husband's counsel, was dated September 23.

On September 30, the trial court issued an unsigned minute order to which was attached a three-page "decision," also unsigned, addressing and purporting to decide the issues under submission, namely, spousal support, child support, various insurance matters, and attorneys' fees.

Ten days later, on October 10, Husband's counsel, obviously unhappy with the "decision" issued by the court, filed a motion and related papers which asked the court to either (a) modify or change its statement of decision pursuant to section 662 or grant a new trial pursuant to sections 657-660, (b) vacate its judgment under section 663, (c) revise its tentative decision or statement of decision (Husband's memorandum of points and authorities candidly admitted he was not sure which it was) under section 632 and California Rules of Court, rule 232(a), or (d) issue a statement of decision. The notice of motion made clear that the matter needed to be heard and decided within 60 days of the September 30 decision, citing section 660; it requested a November 20 hearing date. One of the grounds urged by Husband was that the court had failed to take into consideration substantial income earned by Wife in 1996.

[1] Unless otherwise noted, all subsequent dates are in 1996.

[2] Unless otherwise noted, all further statutory references are to the Code of Civil Procedure.

[3] In a memorandum of points and authorities to the trial court, Husband later claimed he was "reiterating" a request for a statement of decision, but nowhere in either that document or his brief to this court does he identify when and where he first made such a request.

Simultaneously with this filing, Husband filed another motion, also noticed for November 20, requesting retroactive modification of the November 1995 temporary support order.

On October 15, Husband filed an income and expense declaration. On October 24, Wife filed an opposition to Husband's October 10 motions, her own income and expense declaration, and a request for attorneys' fees with supporting papers.

The motions were set for hearing by the court on November 20 and a partial hearing had on that date. Then and there, among other things, the parties managed (albeit with difficulty) to agree upon the wording and filing of a judgment with respect to dissolution only. The hearing continued on November 29, at which time testimony was taken from both parties relevant to both motions.

On February 13, 1997, the trial court finally issued its decisions regarding the two October 10 motions. First, it made a retroactive modification of the November 1995 interim support order, effective for the period November 30, 1995, to September 30, 1996. Next, and more importantly for present purposes,[4] it issued a second minute order, also dated February 13, 1997, to which was attached an unsigned five-page "decision" dated January 24, 1997 (February 13 order or decision). This decision addressed the same issues as had the September 30 decision, but with results more favorable to Husband.[5] It started out with the following words: "The Petitioner has requested the Court to reconsider the Court's decision dated September 10, 1996 under three alternatives: 232(a) CRC, 657-662 CCP and/or 663 CCP. The Court grants Petitioner's request under Sections 657-662 CCP. The Court has reviewed the evidence and finds that the Court has made several errors of calculations and thus the Petitioner's request is granted. The Court is mindful that in learning the vagaries of family law as applied to human life, mistakes can be made, and a swift kick in the 'horse's ass' sometimes has a positive effect. That being the case, let's try this again."

Wife filed a timely notice of appeal on March 12, 1997.

### III. DISCUSSION

As she did in the trial court in opposition to Husband's October 10 alternative motions, Wife correctly notes that the quoted basis for the court's

---

[4]Wife has withdrawn her earlier appeal from the first-mentioned order of February 13.

[5]The February 13 decision reduced the amount of both spousal and child support Husband was to pay and the amount of life insurance he had to carry. It also changed the provisions of the earlier order relating to the children's medical insurance coverage and the installment payment of attorneys' fees.

February 13 order simply "doesn't fly." Under section 660, the trial court's jurisdiction to grant a new trial motion expires 60 days after the filing of that motion (or possibly earlier if a notice of entry of judgment has been served and filed). (§ 660.)

■ But there is a more basic problem relating to what happened here, and it implicates the issue of what it was the court issued on September 30. Most, albeit not all, of Husband's October 10 motions assumed that what had issued was either a statement of decision or a judgment. It was not. What issued was what used to be called in this state a "Memorandum of Intended Decision," now more usually termed a "tentative decision."[6]

As Witkin points out, under section 659, a motion for a new trial is usually made after notice of entry of judgment, but its filing is also permitted "[b]efore the entry of judgment." (§ 659.) However, Witkin goes on, this phrase is "a dangerous trap for the uninformed attorney" because it would seem to permit the filing of such a motion "at any time before such entry, e.g., whenever the aggrieved party becomes aware of his loss of the suit." (8 Witkin, Cal. Procedure, *supra*, § 56, pp. 560-561.) But it doesn't; the law is clear that ". . . there must be a decision before the notice of motion to attack it may be given by a 'party aggrieved.' " (*Ibid.*) And a "decision" for these purposes means the rendition of judgment which, in a court trial where a statement of decision is waived,[7] means the "signing and filing of judgment." (8 Witkin, Cal. Procedure, *supra*, § 57, p. 561; 7 Witkin, Cal. Procedure, *supra*, Judgment, §§ 9-10, pp. 546-548; see also *Ehrler* v. *Ehrler* (1981) 126 Cal.App.3d 147, 152 [178 Cal.Rptr. 642].)

As so described, the trial court's September 30 decision does not constitute the "rendition of judgment." There is nothing about that document that bespeaks a judgment. Among other things, it was not entitled "judgment" and it was not signed by the court.[8]

As noted above, the September 30 document was almost certainly a tentative decision or, as it used to be called, a "Memorandum of Intended

---

[6]It is of no moment that, as of its February 13 order, the trial court apparently thought it had issued a judgment subject to a motion for a new trial. Appellate courts "do not limit themselves to the language of the order, but analyze the subsequent proceedings. By this process, an order hopelessly inconsistent in form is rationalized and given effect under the appropriate statutory power." (8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 111, p. 615.)

[7]As it was here, due to the apparent failure of either party to request such before the case was submitted for decision. (§ 632.) (See fn. 3, *ante*.)

[8]California Rules of Court, rule 232(e), provides that a judgment must be signed. Wife contends that, because the trial consumed less than eight hours, pursuant to rule 232(h) nothing in rule 232 applies. We disagree. In the first place, rule 232(h) is still confined to trials which are "completed within one day," which this was not. (Cf. *Gordon* v. *Wolfe* (1986) 179 Cal.App.3d 162, 165-166 [224 Cal.Rptr. 481].) This rule was never amended to conform

Decision." Such a "tentative decision shall not constitute a judgment and shall not be binding on the court." (Cal. Rules of Court, rule 232(a).) Further, even if Wife is correct that rule 232 doesn't apply (see fn. 8, *ante*), as a matter of common law the court was free to change its tentative decision. (See *Canal-Randolph Anaheim, Inc.* v. *Wilkoski* (1978) 78 Cal.App.3d 477, 493-494 [144 Cal.Rptr. 474] and *In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 646-647 [253 Cal.Rptr. 770], and cases cited in the latter; see also 7 Witkin, Cal. Procedure, *supra,* Trial, § 403, p. 463.)

The February 13 order from which this appeal is taken is, therefore, simply an order withdrawing an earlier tentative decision and announcing a new one. It is neither a judgment nor an appealable order. Nothing is appealable in this matter unless and until there is a judgment or an otherwise appealable order which, on remand, either party is clearly free to request of or propose to the trial court.[9]

## IV. DISPOSITION

The appeal is dismissed.

Kline, P. J., and Ruvolo, J., concured.

---

to the 1987 amendment to section 632, which now provides that a statement of decision must be requested before submission of the cause in a trial lasting less than one day *or less than eight hours over more than one day.* Second, even if rule 232(h) applies here, we doubt the Judicial Council intended that matters as basic as those contained in rule 232(e) are to be discarded in a short cause civil case tried to the court. We feel the same as regards the provisions of the second paragraph of rule 232(a), as to which see *post.*

[9]We note that the issue of the finality of trial court's September 30 order is, in substantial measure, much ado about nothing. Under Family Code sections 3651 and 4336, the court retained jurisdiction to modify any order relating to spousal or child support. It is true, as Wife points out, that (a) the February 13 order does more than that, and (b) in his October 10 motions, Husband did not allege changed circumstances. However, (a) the bulk of both decisions clearly pertained to inherently modifiable matters, and (b) in his October 10 motion on this point, Husband brought to the trial court's attention certain 1996 income of Wife of which, apparently, the trial court had not taken account in its September 30 decision but did note in its February 13 decision.