Filed 3/24/15  Save Westwood Village v. Regents CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SAVE WESTWOOD VILLAGE, | B255144 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS139854) |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas I. McKnew, Jr., Judge.  Appeal dismissed.

Law Offices of Noel Weiss and Noel W. Weiss for Plaintiff and Appellant.

Meyers, Nave, Riback, Silver & Wilson, Amrit S. Kulkarni, Julia L. Bond, Mary C. Tsai, and Shiraz D. Tangri for Defendants and Respondents Meyer Luskin, Renee Luskin, and UCLA Foundation.

# INTRODUCTION

Plaintiff and appellant Save Westwood Village, a non-profit corporation, purports to appeal from the grant of an anti-SLAPP motion, pursuant to Code of Civil Procedure section 425.16 (section 425.16), brought by respondents Meyer Luskin, Renee Luskin, and the UCLA Foundation. Respondents were named as real parties in interest in the petition for writ of mandate (the petition) filed by appellant challenging the certification of an Environmental Impact Report (EIR) under the California Environmental Quality Act (CEQA) by the Regents of the University of California (the Regents), and seeking to set aside the Regents' decision approving the development of the Luskin Conference and Guest Center on the campus of the University of California, Los Angeles (UCLA).[1] Respondents contend that their anti-SLAPP motion was properly granted because their alleged conduct referenced in the petition constituted an exercise of their free speech rights, and appellant could not prove a reasonable probability of prevailing on the merits of its claims.

We do not reach the merits of this appeal, because the record on appeal does not contain an appealable order granting respondents' anti-SLAPP motion. Thus, we lack jurisdiction and order this appeal dismissed.

# FACTUAL AND PROCEDURAL BACKGROUND

*Appellant's Petition for Writ of Mandate*

The operative first amended petition to which respondents' anti-SLAPP motion was directed sought to set aside and void a September 11, 2012 decision by the Regents approving the development of the Luskin Conference and Guest Center on the UCLA campus, to consist of 250 guest rooms, a restaurant, a banquet

---

[1] The Regents are not a party to this appeal.

2

hall, a conference center, and support facilities. As approved by the Regents, the development site currently consists of a parking structure known as "Lot 6," to be torn down. On December 23, 2010, the Luskins pledged $40 million to the UCLA Foundation, to partially fund the project.

The amended petition alleges three causes of action against the Regents. No causes of action are alleged against respondents, who are named as real parties in interest. The first cause of action alleges that the Regents failed to comply with CEQA requirements; the second claim alleges that they failed to obtain the requisite land use entitlements for the project from the City of Los Angeles; and the third cause of action seeks a declaration that the Regents' approval of the development project was unlawful and invalid. In alleging that the Regents failed to undertake a good faith, thorough analysis of alternatives requested by the public, the petition alleges that "[c]onsideration of said alternatives were . . . short-circuited by real parties MEYER LUSKIN AND DOREEN LUSKIN, when, on July 3, 2012, in direct contravention of their written pledge agreement of December 23, 2010, to real parties UCLA FOUNDATION, MEYER LUSKIN, and DOREEN LUSKIN executed a letter to the REGENTS (kept secret from the public), wherein they purported to 'clarify' their desire and 'vision' that the LUSKIN CONFERENCE AND GUEST CENTER must be built on the UCLA central Campus; that they supported construction and operation on the Lot 6 site; and that by their opposition to any 'non-Lot 6 alternative,' real parties MEYER LUSKIN and DOREEN LUSKIN implied that their December 23, 2010, $40 Million Pledge to (made to the UCLA Foundation and not to the REGENTS directly) to support construction of the LUSKIN CONFERENCE AND GUEST CENTER would be withdrawn if the project was not built on Lot 6;

3

nothwithstanding the fact that the LUSKINS' initial pledge agreement of December 23, 2010, contained no such restriction or qualifying limitation; that any modification of the gift would have to be approved by the UCLA Foundation, not the LUSKINS; and the FEIR project description failed to correspond with the alleged gift restriction."

*Respondents' Demurrer and Anti-SLAPP Motion*

Respondents demurred to the amended petition on the ground that they were misjoined as parties, where no relief was sought from them and they were not indispensable parties. The UCLA Foundation, which was not named in the original petition, also contended that the statute of limitations required dismissal of the Foundation from the action.

Simultaneously, respondents filed a special motion to strike pursuant to section 425.16, contending that the allegations regarding them in the amended petition arose directly from their exercise of their rights to free speech, namely the Luskins' letter regarding their $40 million charitable gift and the UCLA Foundation's receipt of that donation. Further, they contended that appellant could not establish a probability that it would prevail on its claims against respondents, given that (1) no relief was sought against respondents; (2) the petition did not allege any facts supporting any cause of action against respondents, and respondents were not indispensable parties; and (3) the petition was time-barred as against the UCLA Foundation.

In opposing the motion to strike, appellant contended that the petition did not challenge respondents' conduct (hence their designation as real parties in interest rather than defendants) and that the gravamen of the claims in the petition did not concern the Luskins' donation to the UCLA Foundation, but rather the Regents' unlawful approval of the development project. Further, appellant argued

4

that its petition qualified for an exemption from a special motion to strike pursuant to section 425.17, subdivision (b), pertaining to actions brought solely in the public interest or on behalf of the general public.

*Trial Court Rulings*

Before the joint hearing on respondents' demurrer and their special motion to strike, the trial court issued a tentative order stating its intent to grant both. In tentatively granting the anti-SLAPP motion, the court found that the Luskins' donation and their letters regarding the donation constituted protected conduct in furtherance of free speech in connection with an issue of public interest. The court further found that the UCLA Foundation, as a donor of funds to UCLA, was also exercising its free speech rights. The court concluded that appellant failed to demonstrate a reasonable probability of prevailing on the merits, for the reasons argued by respondents in their motion. The court determined that the petition was not exempt from an anti-SLAPP motion under the public interest exception, because the petition's specific allegations with respect to respondents did not fall within the ambit of that exception.

At the January 17, 2014 hearing, the trial court heard respondents' demurrer first, and granted it without leave to amend. The court then stated that in light of its ruling on the demurrer, it had "taken care of the special motion to strike the first amended petition with respect to the Luskins and the Foundation." The court permitted the parties to argue the anti-SLAPP motion anyway, but never indicated that it was granting the motion. However, at the conclusion of the hearing, the court set a briefing schedule on respondents' motion for attorney fees in connection with the anti-SLAPP motion.

The trial court's subsequent January 17, 2014 minute order states that respondents' demurrer was sustained without leave to amend, and then states that

5

their special motion to strike was "DEEMED MOOT based on the above ruling." The minute order directs the reader to "see attached order." The attached (unsigned) order states that the special motion to strike "is MOOT based on the court's dismissal of the FAP [first amended petition]."

Appellant purports to appeal from the grant of respondents' anti-SLAPP motion. Appellant does not appeal the ruling sustaining respondents' demurrer without leave to amend.

## DISCUSSION

Appellant purports to appeal from a January 17, 2014 order granting a section 425.16 special motion to strike filed by respondents Meyer Luskin, Renee Luskin, and the UCLA Foundation. However, the record on appeal does not include any final order granting the anti-SLAPP motion.

We directed appellant to show cause as to why the appeal should not be dismissed for lack of jurisdiction because the record contains no appealable order granting respondents' special motion to strike. (See *Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 297 ["The appealability of the judgment or order is jurisdictional and an attempt to appeal from a nonappealable judgment or order will ordinarily be dismissed."].) Both parties were afforded an opportunity to file letter briefs on the subject. Respondents did not submit a letter brief, but appellant did. In that brief, appellant argued, as it did in its opening brief, that the record contains "dueling" minute orders dated January 17, 2014, with one deeming the special motion to strike moot, and the other granting it. However, the minute order purportedly granting the motion to strike, the one that appellant contends is the "operative 'order'" that forms the base of this appeal, is clearly labeled a "tentative order" and was provided to counsel before the hearing. It is not a post-hearing order. Of course, an appeal may not be taken from a tentative decision. (*In re*

6

*Marriage of Hafferkamp* (1998) 61 Cal.App.4th 789, 794.) "If the judgment or order appealed from is not an appealable order it is the duty of the court, on its own motion, to dismiss the appeal." (*Supple v. City of Los Angeles* (1988) 201 Cal.App.3d 1004, 1009, disapproved on another ground in *Jennings v. Marralle* (1994) 8 Cal.4th 121, 129, fn. 5.)

Nor is that tentative ruling transformed into an appealable order by virtue of the fact that respondents served appellant with a "notice of ruling" stating that their special motion to strike was granted and that the statement of reasons for the court's ruling was set forth in the attached tentative order. "A notice of ruling is not an order; an order is a document which contains a direction by the court that a party take or refrain from action, or that certain relief is granted or not granted [citations] and which is either entered in the court's permanent minutes or signed by the judge and stamped 'filed.'" (*Shpiller v. Harry C's Redlands* (1993) 13 Cal.App.4th 1177, 1179 (*Shpiller*).) Thus, a party may not appeal from a notice of ruling. (*Engel v. Worthington* (1997) 60 Cal.App.4th 628, 630-631.)

The trial court's January 17, 2014 minute order following the hearing on that date, as well as the attached unsigned order, state that the court deemed the special motion to strike moot based on the court's ruling sustaining respondents' demurrer without leave to amend. The minute order provides that respondents were to "prepare the order and give notice." It appears that respondents neither gave appellant notice of that minute order nor prepared an order incorporating the trial court's ultimate ruling. However, as the party desiring to appeal, it was appellant's burden to ensure that a final order was entered from which it could appeal. (*Jordan v. Malone* (1992) 5 Cal.App.4th 18, 21 ["Even though defendant was the party directed to prepare, serve and submit the judgment, the apparent failure of defendant to do so does not relieve plaintiff from the requirement of appealing from an appealable order."])

7

At oral argument, both parties argued, in substance, that the trial court adopted its tentative ruling as its final order (either explicitly or implicitly), and that the issuance of the minute order stating that respondents' motion to strike was deemed moot must have been a clerical error. The record is to the contrary. The trial court's tentative order stated the court's intent to sustain the demurrer and grant the anti-SLAPP motion. But at the hearing, the court never stated that it was adopting its tentative as its final ruling. Rather, as we have explained, the court first sustained the demurrer without leave to amend, and commented that the ruling on the demurrer had "taken care of" the anti-SLAPP motion. Although the court thereafter heard argument on the anti-SLAPP motion, the court never orally ruled on the motion. It is true that the court permitted respondent to calendar a motion for attorney fees (a motion that would only be heard if the court had granted the anti-SLAPP motion). However, in memorializing its rulings after the hearing, the court entered a minute order that expressly stated the anti-SLAPP motion was denied as moot by virtue of the trial court's decision sustaining the demurrer without leave to amend. Moreover, the minute order also incorporated an attached "order" (a modified version of the prior tentative order) which also expressly stated that the anti-SLAPP motion "is MOOT based on the court's dismissal of the" complaint. Thus, on this record the only ruling by the trial court on the anti-SLAPP motion is a ruling denying the motion as moot.

In short, without ensuring appellate jurisdiction existed, the parties proceeded under the assumption (without the existence of any appealable order so stating) that the trial court granted respondents' anti-SLAPP motion. Had respondents complied with the trial court's direction to prepare an order as well as give notice, or had appellant prepared such an order on its own initiative, any confusion with respect to the trial court's actual ruling would have been resolved. But the only orders in this record (the minute order from the hearing, and the

8

attached order restating the court's rulings) declare that the anti-SLAPP motion was denied as moot, and we may not exercise appellate jurisdiction based on mere assumptions regarding rulings by the trial court.[2]

Accordingly, because the record contains no appealable order granting the anti-SLAPP motion, we dismiss this appeal for lack of jurisdiction.

## DISPOSITION

On the court's own motion, the appeal is dismissed. All parties are to bear their own costs incurred on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P.J.


We concur:



MANELLA, J.



COLLINS, J.

---

[2]     We note that an order awarding attorney fees and costs to the Luskins and UCLA Foundation on their special motion to strike is the subject of a separate appeal by

appellant in case No. B258132.  That appeal was dismissed on February 11, 2015, for appellant's failure to file an opening brief.