Filed 5/23/22  Daniels v. Sheridan CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL ANDREW DANIELS, Plaintiff and Appellant, v. CORRINA JOY SHERIDAN, Defendant and Respondent. | F082225 (Super. Ct. No. BFL-15-002049) OPINION |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Therese M. Foley, Judge.

Law Offices of Jonathan B. LaFrance and Jonathan B. LaFrance for Plaintiff and Appellant.

Law Office of George Horrigan and George R. Horrigan; Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball and Catherine E. Bennett for Defendant and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Franson, J. and Meehan, J.

In this appeal, an ex-husband contends the renewal of a 2013 restraining order issued under California's Domestic Violence Prevention Act (Fam. Code, §§ 6200–6460) is invalid because the restraining order expired before the renewal order was entered. As described below, based on our independent review of the appellate record, we conclude the restraining order in question did not expire and, as a result, the trial court had the authority to renew it.

We therefore affirm the order renewing the restraining order.

**BACKGROUND**

Appellant Michael Andrew Daniels (father) and Corrina Joy Sheridan (mother) were married in 2010. Their daughter was born in December 2010. A petition for dissolution of the marriage was filed in Los Angeles County Superior Court in 2013.

On November 22, 2013, the Los Angeles County Superior Court filed a restraining order after hearing on mandatory Judicial Council form DV-130 (rev. Jan. 1, 2012). The order named mother and daughter as the protected persons. The form stated: "The orders, except as noted below, end on … 11-22-2016 at … midnight." The order's attachments included form DV-140, child custody and visitation order, and form DV-150, supervised visitation and exchange order. Mother was given legal and physical custody of their daughter.

In August 2015, the case was transferred to the Kern County Superior Court.

On October 28, 2016, mother filed a notice of hearing to renew restraining order on mandatory Judicial Council form DV-710 (rev. July 1, 2014). The notice stated the hearing date was November 14, 2016. The preprinted portion of the form immediately above the hearing date stated the restraining order "**stays in effect until the expiration date on that order or the end of the hearing below, whichever is later.**"[1] In addition,

---

[1]	An important issue in this appeal is the meaning of the phrase "the end of the hearing below." Father argues, in effect, that the hearing "ends" on the date the form DV-710 specifies for the hearing and, as a result, the restraining order expired on

2.

the form advised the restrained person: "At the hearing, the judge can renew the current restraining order for another five years or permanently. Before the hearing, you can file a response on Form DV-720. You *must* continue to obey the current restraining orders until the expiration date on the current orders or the hearing date, whichever is later."

On November 16, 2016—six days before the restraining order's expiration date—mother filed a second notice of hearing to renew restraining order. The second notice specified the hearing date as December 12, 2016, and again stated the restraining order stayed in effect until the expiration date on the restraining order or the end of the hearing, whichever was later. The same day, mother filed a request to renew restraining order on mandatory Judicial Council form DV-700.

On December 12, 2016, the trial court filed a minute order stating (1) it found good cause to continue the matter because of father's unavailability; (2) "[a]ll temporary restraining orders to remain in full force and effect pending further hearing"; and (3) the cause was continued to January 23, 2017, at 8:30 a.m. A reporter's transcript of the hearing is not part of the appellate record.

On December 22, 2016, the trial court signed and filed mandatory Judicial Council form DV-130 (rev. July 1, 2016), restraining order after hearing (order of protection). An "X" was placed in the box immediately before "Original Order." The form DV-130 referred to the December 12, 2016 hearing, identified the commissioner who presided over the hearing, and was signed by a superior court judge pursuant to Code of Civil Procedure section 635. The form DV-130 stated: "The orders, except as noted below, end on … 1/23/2017 at … 8:30 a.m.," which was the time set for the hearing.[2]

_____

that date. In contrast, mother's arguments imply that a hearing does not "end" until the matter is finally submitted for decision, regardless of the number of times the hearing on the renewal request is continued. In part I.B. of this opinion, we adopt mother's interpretation.

[2]   Father's opening brief contends the November 2013 restraining order was extended by the court on December 12, 2016, to be effective until January 23, 2017,

3.

The form DV-130 made no reference to the 2013 restraining order, but most of the terms were the same. Like the November 2013 restraining order, the restraining order named mother and daughter as protected persons and contained personal conduct and stay-away orders. There were, however, some variations in the protective orders. All the boxes in item 7, stay-away order, of the 2013 restraining order were checked and the blank line for the number of yards was left empty. In comparison, the December 2016 restraining order left blank the box for item 7.b., exceptions to the stay-way order.[3] Also, it specified the stay-away distance at 100 yards.

After the December 22, 2016 restraining order was filed, counsel for the parties signed a stipulation continuing the order to show cause scheduled for hearing on January 23, 2017. The document was prepared by mother's attorney and stated the continuance was "due to unavailability of [mother]." The parties agreed to continue the hearing to January 25, 2017, at 8:30 a.m. The trial court signed and filed the order implementing the stipulation on January 10, 2017. Father notes that the stipulation and order contained no terms continuing, extending, or modifying the restraining order. He now contends (1) the restraining order expired by its own operation on January 23, 2017, which is the date stated on the face of the December 2016 restraining order and (2) the original restraining order expired on December 12, 2016 (the hearing date specified in mother's second form DV-710).

The minute order from the January 25, 2017 hearing stated (1) the cause was continued to February 27, 2017, at 8:30 a.m. to allow father's newly retained counsel to

---

when it expired and, as a result of its expiration, it could not be renewed or otherwise revived.

[3]    Item 7.b. on form DV-130 states in full: "Exceptions: Brief and peaceful contact with the person in [item 1], and peaceful contact with children in [item 3], as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise."

appear; (2) "Restraining Order(s) heretofore made to remain in effect"; and (3) counsel for mother was to give notice.

The February 27, 2017 minute order stated (1) the cause was continued to March 27, 2017, at 8:30 a.m.; (2) the reason for the next appearance was for the cause to be heard concurrent with a matter already set; (3) "Restraining Orders heretofore made to remain in effect"; and (4) counsel for mother was to give notice.

The March 27, 2017 minute order stated (1) a conference was held in chambers; (2) the court appointed counsel to represent the minor daughter; (3) the parties were directed to cooperate with daughter's counsel; (4) the matter was continued to July 17, 2017, due to father's work schedule; (5) "Parties stipulate/agree to continue the existing restraining orders until the next hearing on 7/17/2017"; (6) the matter was specially set for a two-day contested hearing on August 15 and 16, 2017; and (7) counsel for mother was "to prepare restraining order after hearing." The minute order also identified the court reporter who was present at the hearing. Despite the court reporter's presence, a reporter's transcript of this hearing is not part of the appellate record. Consequently, further information about the parties' agreement to continue the existing restraining orders is not part of the appellate record.

The July 17, 2017 minute order confirmed the contested hearing scheduled for August. It stated all prior orders would remain in full force and effect and "[t]he Court continues the existing restraining order to 8/15/2017 at 1:30 p.m." Also on July 17, 2017, the trial court signed and filed a form DV-130, restraining order after hearing. An "X" was placed in the form's box designating it an "Original Order." The form DV-130 stated: "The orders, except as noted below, end on … 8/15/17 at … 1:30 p.m." All the boxes in item 7 of the form DV-130 were marked, including the exceptions in item 7.b., and a stay-away distance of 100 yards was specified.

At the August 15, 2017 hearing, mother was sworn and testified. Her testimony was not finished and the minute order stated the cause was continued. The minute order

5.

stated, "[a]ll prior orders to remain in full force and effect" without specifically mentioning any restraining order.

The continued hearing resumed on December 4, 2017. At the start of the hearing, the trial court stated that there were two matters before it—the October 2016 request for renewal of the domestic violence restraining order and a February 2017 request for order relating to child custody and visitation. Mother testified at the hearing. The cross-examination of mother was not completed by day's end.

A December 14, 2017 minute order set the matter for hearing on April 30, 2018, and May 7, 2018. The minute order made no reference to existing orders.

On April 30, 2018, the cross-examination of mother by father's attorney resumed. When her testimony was completed, mother's mother testified. Her testimony was not finished that day and the court continued the cause to August 27, 2018.

On August 27, 2018, the testimony of mother's mother resumed. When she finished testifying, mother rested her case and father began, but did not finish, presenting his case. The minute order showed the next hearing was set for November 5, 2018, and stated: "Temporary Orders and Restraining Orders to remain in effect pending further order of the court." A reporter's transcript of the August 27, 2018 hearing is not part of the appellate record.

On November 5, 2018, the trial court continued the hearing to November 26, 2018, because one attorney was ill and another was not available. The November 5, 2018 minute order stated: "All temporary restraining orders to remain in full force and effect pending further hearing."

On November 26, 2018, the trial court continued all matters to December 3, 2018. The minute order from the December 3, 2018 hearing stated the court declared a mistrial, confirmed the hearing on January 28, 2019, remained set, stated "[a]ll temporary restraining orders to remain in full force and effect pending further hearing," and directed mother's attorney "to prepare the temporary restraining order after hearing."

6.

On December 10, 2018, the trial court signed and filed a form DV-130, restraining order after hearing. As with the December 2016 and July 2017 restraining orders, an "X" was placed in the box designating it an "Original Order." The form DV-130 stated: "The orders, except as noted below, end on … 1/28/2019 at … 1:30 p.m." The form DV-130 referred to the December 3, 2018 hearing and was signed by the commissioner who presided over the hearing.

The January 28, 2019 minute order contained directions for the payment of fees to daughter's appointed attorney and set a briefing schedule for the request for renewal of the restraining order. It also set a hearing on May 6, 2019—a date after the briefing was to be completed. The minute order stated: "All prior restraining orders to remain in full force and effect pending further hearing and are without prejudice."

On February 6, 2019, the trial court signed and filed a form DV-130, restraining order after hearing, which was designated an "Original Order." The form DV-130 stated: "The orders, except as noted below, end on … 05/06/2019 at … 1:30 p.m." The form DV-130 referred to the January 28, 2019 hearing and was signed by a judge who did not preside over that hearing.

In February 2019, father filed a brief asserting the restraining order expired two years earlier in January 2017. In March 2019, mother filed a brief addressing the expiration argument. In April 2019, father filed a reply brief. On April 26, 2019, the trial court continued the hearing to May 20, 2019. The minute order stated "[a]ll temporary restraining orders to remain in full force and effect pending further hearing" and directed mother's attorney "to prepare the Order After Hearing."

On May 6, 2019, the trial court signed and filed a form DV-130, restraining order after hearing, which was designated an "Original Order." The expiration date was listed as May 20, 2019, at 8:30 a.m.

The minute order for the May 20, 2019 hearing stated the cause was continued to June 10, 2019, and the court would issue a written ruling. It also stated "[a]ll temporary

7.

restraining orders to remain in full force and effect pending further hearing" and directed mother's attorney "to prepare the temporary restraining order after hearing." On May 29, 2019, the trial court signed and filed a form DV-130, restraining order after hearing, which was designated an "Original Order." The order's expiration date was June 10, 2019, at 8:30 a.m.

At the June 10, 2019 hearing, the trial court addressed father's argument that the restraining order expired and, therefore, the court lacked jurisdiction to renew it. The court stated it had determined "that the interim protective order issued in response to and after the filing of [mother's] request for renewal, continued the original order in effect until the hearing could be held and concluded on the request for renewal. [¶] The court has not lost jurisdiction to consider the renewal of the original restraining order." The court then stated the request for renewal would proceed to hearing and all orders would remain in full force and effect. The hearing was set for September 23, 2019. The court also signed the minute order, which reflected the ruling given orally in open court.

On June 13, 2019, the trial court signed and filed a form DV-130, restraining order after hearing, which was designated an "Original Order." The order's expiration date was September 23, 2019, at 8:30 a.m. On July 5, 2019, the court signed and filed findings and order after hearing stating (1) the court had not lost jurisdiction to consider the renewal of the original restraining order, (2) the matter would proceed to hearing on September 23, 2019, and (3) all prior orders would remain in full force and effect.

The September 23, 2019 minute order vacated that day's hearing, set a hearing for November 18, 2019, stated "[a]ll temporary restraining orders to remain in full force and effect pending further hearing," and directed counsel for mother "to prepare the temporary restraining order after hearing."

On October 8, 2019, the trial court signed and filed another form DV-130, restraining order after hearing, which also was designated an "Original Order." The order's expiration date was November 18, 2019, at 1:30 p.m.

8.

The November 18, 2019 minute order found good cause to continue the matter, set a long cause hearing on April 20, 21, and 22, 2020, and stated "[a]ll temporary restraining orders to remain in full force and effect pending further hearing on the last day of 3 long cause hearings on 04/22/2020."

On April 3, 2020, the trial court continued the hearings to May 18, 2020, because of uncertainty created by COVID-19 and a shelter in place order. The minute order stated the "temporary protective orders will be extended [to] that date" and directed mother's attorney "to prepare and submit those extended orders to the Court for execution."

The May 18, 2020 minute order continued the matter to July 13, 2020, and stated the parties were to verify the dates of transcripts filed with the court and revisit the exhibits admitted in the mistrial. It also set the matter for contested hearings on August 3, 4, and 31, 2020, and directed counsel to file trial briefs 10 days before the first hearing date. The minute order stated "[r]estraining orders to remain in full force and effect pending further hearing" and directed mother's attorney "to prepare order."

The July 13, 2020 minute order confirmed the contested hearing dates and briefing schedule and stated all transcripts appear to be in the file. The minute order stated "[a]ll prior orders remain in full force and effect" and directed mother's attorney "to prepare Order."

At the August 3, 2020 hearing, father was present and represented himself, mother was present along with her attorney, and daughter's court-appointed attorney was present. Father presented his testimony.

At the August 4, 2020 hearing, father was cross-examined by mother's attorney and by daughter's attorney. Mother also testified and was cross-examined by father. The court heard argument and took the matter under submission.

On September 2, 2020, the trial court issued a signed written ruling on the request to renew restraining order mother filed on November 16, 2016. After a lengthy

9.

discussion, the ruling stated: "THEREFORE, IT IS ORDERED that the Request to Renew the attached Restraining Order (including a stay-away provision of at least 100 yards from the locations specified there) is granted. The attached Restraining Order is renewed and will now be in effect permanently. [¶] [Mother's] attorney is directed to prepare the requisite order."

On November 6, 2020, the trial court filed an order to renew domestic violence restraining order on mandatory Judicial Council form DV-730. The order stated the attached restraining order, which was dated November 22, 2013, was renewed and would be in effect permanently. In January 2021, father filed a timely appeal.

## DISCUSSION

Father contends the trial court abused its discretion by renewing the restraining order long after the previous order had expired by its own operation and by applying the incorrect legal standard when it decided in June 2019 that it had the authority to consider and grant the renewal of the restraining order. Father contends he is raising questions of law subject to de novo review. (*Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463.)

We agree that questions of law are subject to independent review on appeal and include issues of statutory interpretation and the application of that interpretation to an established set of facts. (*City of Patterson v. Turlock Irrigation Dist.* (2014) 227 Cal.App.4th 484, 491.) Here, most of the procedural facts relevant to father's arguments are a matter of record and some of his assertions of fact are absent from or not supported by the appellate record. In such circumstances, we conduct an independent (i.e., de novo) review of the issues raised by father in this appeal to the extent it is possible.

## I. NATURE OF RENEWED RESTRAINING ORDER

Father's first theory of trial court error is that the domestic violence restraining order filed on December 22, 2016, extended the November 2013 restraining order and then expired. He asserts the December 22, 2016 order itself stated it expired on

January 23, 2017, and the stipulation and order continuing the hearing made no provision to extend the restraining order or otherwise change its expiration date. Father relies on Family Code section 245, subdivision (d), which states: "If the court grants a continuance, the extended temporary restraining order shall state on its face the new date of expiration of the order." In father's view, because the order continuing the hearing did not state a new expiration date, the January 23, 2017 expiration date controls and the restraining order expired by operation of its own terms. We reject this theory of trial court error for multiple reasons and do not reach the issue of whether father waived, forfeited, or is estopped from asserting the claim that the restraining order expired in January 2017.

      A.     <u>December 2016 Restraining Order Was Not Temporary</u>

Father's theory that the December 22, 2016 restraining order was a temporary restraining order is not supported by the record. Both the November 2013 restraining order and the December 22, 2016 restraining order used form DV-130, restraining order after hearing, and not form DV-110, temporary restraining order. Therefore, the written documents themselves contradict father's theory that the restraining order in effect December 2016 until January 23, 2017, was a temporary restraining order.

After the respondent's brief was filed, father modified the expiration argument presented in his opening brief. To avoid mischaracterizing his new argument for why the restraining order was temporary, we quote his reply brief:

> "On December 12, 2016, the matter came on for hearing. The Trial Court continued the matter, to be heard on January 23, 2017. In the Minute Order of the day it can be seen that the Court took the trouble to order that all 'temporary orders to remain in full force and effect pending further hearing.'
>
> "Appellant contends that, thus, it can be seen that, as far as the Trial Court was concerned, the order the Court issued, which acted to extend the Restraining Order pending the hearing, was a temporary order. The Court said so. [Mother's] trial counsel … drafted the form order (CT 161)."

11.

We reject father's contention that a temporary restraining order was entered by the trial court. First, the contents of the unsigned minute order from the December 12, 2016 hearing are not binding. (*In re Marriage of Hafferkamp* (1998) 61 Cal.App.4th 789, 793–794 [unsigned minute order not binding].) Father has cited no authority to the contrary.

Second, the minute order shows that a court reporter was present at the December 12, 2016 hearing. Father, however, has not included a reporter's transcript of the hearing or an alternative, such as an agreed statement or a settled statement. (See Cal. Rules of Court, rules 8.344 [agreed statement], 8.346 [settled statement].) As a result, father has failed to demonstrate that the trial court in fact said the domestic violence restraining order in effect in December 2016 was a temporary restraining order. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 [to carry burden of affirmatively demonstrating prejudicial error, an appellant must provide an adequate record]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [absence of a reporter's transcript or settled statement meant plaintiff failed to provide an adequate record and, thus, failed to carry the burden of showing prejudicial error]; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187 [list of cases where absence of reporter's transcript precluded appellate court from reaching merits].)

To summarize, we reject father's contention that the restraining order in effect in late December 2016 and early January 2017 was a temporary restraining order that, pursuant to Family Code section 245, subdivision (d), expired according to its terms on January 23, 2017.

B.     The November 2013 Restraining Order

Father's argument about the expiration of the restraining order impliedly assumes the original November 2013 restraining order was completely superseded by the December 2016 restraining order and, as a result, no longer had any independent effect.

This assumption is directly contrary to the rationale provided by the trial court at the June 10, 2019 hearing. The court stated it had determined "that the interim protective order issued in response to and after the filing of [mother's] request for renewal, continued the original order in effect until the hearing could be held and concluded on the request for renewal. [¶] The court has not lost jurisdiction to consider the renewal of the original restraining order." In other words, the original restraining order (i.e., the November 2013 restraining order) was not superseded and remained in effect until the hearing on the renewal request ended. This rationale is consistent with the wording of the notice of hearing to renew restraining order on form DV-710, which stated the restraining order would stay in effect "until the expiration date on that order or *the end of the hearing* below, whichever is later." (Bolding omitted, italics added.) The hearing date stated was December 12, 2016. The phrase "end of the hearing" refers to when the hearing on the renewal is completed—a hearing that has been continued has not ended. If the notice had intended to terminate the restraining order on the hearing date listed, it simply would have stated the restraining order stays in effect until the expiration date on that order or *the date* below, whichever is later.

In this case, the hearing did not end on December 12, 2016. Instead, because of all the continuances, the hearing on the renewal request did not "end" until the matter was submitted in 2020.

The determination that the original restraining order continued in effect, rather than being replaced or superseded by the subsequent restraining orders, raises the question of why the trial court entered various restraining orders that appeared to be redundant to the original order. We conclude the trial court issued the restraining orders on form DV-130 to aid the enforcement, if ever necessary, of the restraining order. The expiration date on the original order had passed. The subsequent orders would have provided greater certainty to any law enforcement officer confronted with a potential violation, alleviating the need to determine whether the expiration date stated in the

13.

November 2013 restraining order had been extended. Accordingly, we cannot infer that, contrary to the trial court's statement that the original restraining order continued in effect until the hearing could be concluded, the court's issuance of the subsequent DV-130 orders after hearing impliedly superseded the November 2013 restraining order and extinguished its effect.

We note the trial court's rationale that the November 2013 restraining order remained in effect is consistent with the court's decision to attach the November 2013 restraining order to the form DV-730 renewal order it issued and filed on November 6, 2020.

## II. THE RENEWAL ORDER WAS NOT IN EXCESS OF JURISDICTION

Father contends that the trial court lacked jurisdiction to renew the restraining order. This contention about jurisdiction is based on his earlier argument that the restraining order expired by its own operation in 2017 and cannot be renewed after its expiration. Because father has not demonstrated that the restraining order expired, this argument that the renewal order was in excess of the trial court's jurisdiction also must fail.

Furthermore, viewing father's jurisdictional argument more generally, we consider whether the law supports the conclusion that the November 2013 restraining order remained in effect and the trial court was empowered to renew it. This question brings us to the statutory text that authorizes the renewal of domestic violence restraining orders:

> "These orders may be renewed, upon the request of a party, either for five years or permanently, without a showing of further abuse since the issuance of the original order, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party. The request for renewal may be brought at any time within the three months before the expiration of the orders." (Fam. Code, § 6345, subd. (a).)

In this case, the November 2013 domestic violence restraining order stated its expiration date was November 22, 2016. On November 16, 2016, mother filed a request

14.

to renew restraining order on form DV-700 and a notice of hearing to review restraining order on form DV-710.  Therefore, mother filed the renewal request before the November 2013 restraining order expired and, as a result, complied with the express terms of the statute.

Father's argument about the application of Family Code section 6345 to the facts of this case could be interpreted as asserting the court loses jurisdiction if the renewal request is not heard and decided *before* the expiration date stated in the original restraining order.  If this argument is being made, we reject it.  Pursuant to Family Code section 6345, subdivision (a), the trial court has jurisdiction to hear and decide a renewal request so long as the renewal request is brought (i.e., filed) "within three months before the expiration of the orders."  The text does not require the renewal request to be heard and decided before the expiration date and we have located no authority concluding so.  Instead, we have located cases in which the renewal request was filed before the restraining order expired and was heard after the expiration date listed in the restraining order.  (E.g., *In re Marriage of Brubaker & Strum* (2021) 73 Cal.App.5th 525, 532–533 [order's expiration date was February 22, 2020, and hearing on renewal request was held in July 2020].)

To summarize, mother's request complied with the timing requirements of section 6345, subdivision (a) and, as a result, the trial court was empowered to consider and grant that request, even after multiple continuances.  Nothing in the statutory text requires the court to explicitly state the restraining order remains in effect during a continuance, although it is generally recognized as good practice to provide the parties (who often are self-represented) with a clear statement that the order remains in effect after a continuance is granted.

III.    FAILURE OF TRIAL COURT TO EXPLAIN ITS JURISDICTION

Father contends the trial court abused its discretion by failing to provide an explanation of its ruling that it had jurisdiction to renew the restraining order. Father has cited no statute, rule of court, or other authority that requires a trial court to issue a more detailed ruling than the one (1) given from the bench at the June 10, 2019 hearing, (2) repeated in a signed minute order, and (3) stated more formally in the signed findings and order after hearing, which was filed on July 5, 2019. (E.g., Code Civ. Proc., §§ 632 [statement of decision], 634; Cal. Rules of Court, rule 3.1590(d) [request for statement of decision].) As a result, father has failed to carry his burden of affirmatively demonstrating the absence of a more detailed ruling was a prejudicial abuse of discretion. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [a trial court's decision is presumed correct and, thus, appellants must affirmatively demonstrate prejudicial error]; Cal. Rules of Court, rule 8.204(a)(1)(B) [each point raised in brief must be supported by argument and, if possible, citation of authority].)

## DISPOSITION

The order renewing the restraining order is affirmed. Mother shall recover her costs on appeal.