Filed 9/25/25  Townes v. Bledsoe CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| PEARLIE TOWNES, | C101738 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCVURP20210009710) |
| v. | |
| DONNELL BLEDSOE, SR., | |
| Defendant and Appellant. | |

In an action for partition by sale of real property in Stockton, defendant Donnell Bledsoe, Sr., has filed two notices of appeal.  In the first, he appeals from the trial court's July 26, 2024 order confirming the sale of the property.  In the second, he challenges a tentative ruling overruling his demurrer, issued on September 5, 2024.

We affirm the July 2024 order because Bledsoe has failed to provide an adequate record supporting his claims.  We further conclude that his challenge to the September 2024 tentative ruling is not cognizable in this appeal.

1

BACKGROUND

In October 2021, plaintiff Pearlie Townes filed a verified complaint against Bledsoe alleging claims for partition of real property located in Stockton, unjust enrichment, contribution, and an accounting. In October 2022, the trial court entered an interlocutory judgment for partition by sale of the property.

In December 2023, Bledsoe filed a demurrer to the October 2021 complaint, arguing, among other things, that Townes's complaint was not properly served.

On July 26, 2024, the trial court held a hearing on the confirmation of the sale of the property. Bledsoe moved to dismiss the order confirming the sale, asserting that he did not receive proper notice. According to a minute order in the record, the matter was argued and submitted. After reviewing the record of actions, the court found that notice was proper and denied Bledsoe's motion to dismiss. Bledsoe asked the court to continue the hearing until after a scheduled September 2024 hearing on his demurrer. The court found no grounds to continue the matter. That same day, the court filed an order confirming the sale. Bledsoe filed an appeal from the order.

On September 5, 2024, the trial court held a hearing on Bledsoe's demurrer and a case management conference. According to a minute order in the record, the court provided a copy of its tentative ruling on the demurrer to Bledsoe, who had not yet seen it. Bledsoe requested oral argument. The court continued oral argument to October 10, 2024. On September 5, 2024, Bledsoe filed a notice of appeal stating that he was appealing from a judgment or order entered on September 5, 2024. According to a subsequent minute order, on October 10, 2024, the date set for oral argument on Bledsoe's demurrer, the court determined that the case was on appeal and continued the matter for a status conference in February 2025.

DISCUSSION

Bledsoe contends that the trial court erred in denying his motion to dismiss the confirmation of partition sale because Townes failed to serve him with the interlocutory

2

judgment for partition by sale within the required time period. Townes did not file a respondent's brief. We may therefore decide the appeal "on the record, the opening brief, and any oral argument by the appellant." (Cal. Rules of Court, rule 8.360(c)(5)(B).) Bledsoe " 'still bears the "affirmative burden to show error whether or not the respondent's brief has been filed." ' " (*People v. Miller* (2023) 94 Cal.App.5th 935, 941.)

It "is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; see also *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187.) "[T]he absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Jameson v. Desta*, at pp. 608-609.) An appellant proceeding pro se, as here, is not exempt from the requirement to provide an adequate record. (*Huang v. Hanks* (2018) 23 Cal.App.5th 179, 183, fn. 1.)

3

In this case, the record before us does not include a reporter's transcript, and the clerk's transcript contains only limited documents. It includes a minute order summarizing the July 26, 2024 hearing and the trial court's order of the same date confirming the sale of the property. But it does not include Bledsoe's opposition to the notice of sale and notice of confirmation hearing, which the trial court's docket in the record indicates were filed on June 13, 2024 and July 2, 2024, respectively. In the absence of these documents and a transcript of the hearing, we do not know what information and argument were presented to the trial court and what the court considered in determining that notice was proper and denying Bledsoe's motion to dismiss. We thus conclude that Bledsoe has failed to carry his burden to provide an adequate record on appeal, and the issue must be resolved against him. (*Jameson v. Desta*, *supra*, 5 Cal.5th at p. 609.)

Bledsoe additionally argues that Townes was required to serve the interlocutory judgment for partition within 60 days after it was entered but that the proof of service in the record refers to service on June 28, 2022, nearly four months before the judgment was filed on October 13, 2022. Bledsoe thus argues that the proof of service was "fraudulent." The proof of service, however, refers to the *proposed* interlocutory judgment, showing service on June 28, 2022, which the trial court signed on October 13, 2022, striking out the word "[PROPOSED]" on the first page of the judgment. Bledsoe does not point us to any document in the record regarding the timing of any service of notice of entry of the interlocutory judgment.

Finally, with respect to Bledsoe's challenge to the trial court's tentative ruling on his demurrer, that ruling is also not contained in the clerk's transcript but is instead attached to his civil case information statement. Even if that document were properly before us, Bledsoe's current arguments are not cognizable in this appeal because a tentative ruling is "not a final determination or judgment, but rather a statement of the trial court indicating what its decision will be." (*Bianco v. California Highway Patrol*

4

(1994) 24 Cal.App.4th 1113, 1121, fn. 3 [tentative ruling "is not an appealable judgment, but merely a tentative decision or the basis for a judgment to be made"]; see also *In re Marriage of Hafferkamp* (1998) 61 Cal.App.4th 789, 794.)

DISPOSITION

The order confirming the partition sale is affirmed.  No costs are awarded because Townes did not file a respondent's brief.  (Cal. Rules of Court, rule 8.278(a)(5); *Farnum v. Iris Biotechnologies Inc.* (2022) 86 Cal.App.5th 602, 614.)

/s/
FEINBERG, J.

We concur:

/s/
BOULWARE EURIE, Acting P. J.

/s/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.